Dewey agt. Stewart and Blakeney.

---

## SUPERIOR COURT.

### DEWEY agt. STEWART AND BLAKENEY.

#### COSTS.

Where the plaintiff on the trial withdraws a juror, and is allowed to amend his complaint, on payment of the defendant's costs of the term.

The defendant is allowed $12 for trial fee, and $7 for services subsequent to notice of trial and before trial. (*This agrees with Mitchell agt. Westervelt, ante p.* 265.)

*June*, 1852. In this case the plaintiff brought on his cause at the trial term, and on a motion for a non suit was permitted to

35

withdraw a juror and move to amend his complaint on payment of the defendants' costs of the term.

In making up their costs of the term, the defendants claimed seven dollars for their costs subsequent to the notice of trial and before trial, and twelve dollars for the trial. The clerk disallowed the former, and for the latter allowed ten dollars only, as the fee for a term at which the cause is on the calendar and is postponed. The defendants moved to correct the clerk's adjustment of the costs.

J. O. Robinson, *for the Defendants.*

T. G. Talcott, *for the Plaintiff.*

Sandford, Justice—( *with the concurrence of all the Justices*). As to the trial fee, it ought to be adjusted at twelve dollars. There was a trial, and the plaintiff virtually failed in his suit. As a favor, he was relieved on terms, instead of having his complaint dismissed.

The fee of seven dollars is provided as a compensation for the attorney's services intermediate the notice of trial and the trial, such as the subpœnas and tickets, their service and procuring the attendance of witnesses, as well as the brief for counsel, and on the part of the plaintiff, the copy of the pleadings for the court. The latter, it is true, will answer for the trial whenever it occurs, and so in general will the brief. Before the Code, it was settled (6 *Hill*, 553) that the copy of pleadings could not be taxed as costs of the circuit, overruling the practice that had long prevailed, by which it had been allowed (4 *Cow.* 539; 1 *Cow. & Hill's Notes to Phill. Ev.* 54, 55).

In fact, all these services are rendered in preparation for the term at which the cause is noticed, and those in respect of witnesses must necessarily be rendered anew if the cause be postponed. We therefore fully agree with Mr. Justice Hand, of the Supreme Court (Mitchell agt. Westervelt, 6 *How. Pr. R.* 265), that the seven dollars provided by the Code is a part of the costs of the trial, term or circuit, and must be paid as such by the party who obtains a postponement of the trial on the payment of costs, or is subjected to the payment of the costs of the term or circuit for any cause.

The same point has also received the sanction in the Supreme Court of Justices WILLARD and PARKER (4 *How. Pr. R.* 304; 5 *id.* 336).

If because the cause is put off on terms at a trial term, when from its position on the calendar it is not likely to be reached, and therefore it is probable no preparation for the trial has actually been made, the court can readily obviate the effect of the practice we have adopted, by specifying in the rule the amount of costs to be paid.

The adjustment of the clerk must be corrected accordingly.