# PRACTICE REPORTS.

## SUPREME COURT.

### Ellsworth agt. Gooding.

The costs ordered to be paid by a party obtaining a new trial are, *the costs of the former trial and of the motion,* or the costs of such proceedings as are vacated for the purpose of a new trial.

Where an *extra allowance* has been made on the trial of the cause, it is to be treated as a part of the *costs* to which the prevailing party is entitled, and is to be paid as a part of the costs ordered on granting a new trial.

A motion for a new trial on a case or bill of exceptions, is not a *non enumerated motion,* therefore § 315 of the Code does not apply as to costs ($10) of a motion. It is a regular proceeding in the cause, and the prevailing party should be entitled to a trial fee, under § 307, *sub.* 3, to the plainitiff $15, to the defendant $12; as often as the cause is brought to a hearing on the merits.

On an *appeal* from the special to the general term from an order granting or refusing a new trial, under the Code of 1851, $15 should be allowed before argument, and $30 upon the argument.

*At Chambers, August* 1852. *Costs.* This action was brought to recover land, and was tried at the Rensselaer circuit in December 1849. The verdict was for the plaintiff. The judge who held the circuit made an extra allowance of costs to the plaintiff of one hundred dollars. The defendant made a case, upon which a motion for a new trial was made at a special term. The motion was granted on the ground that the verdict was against the weight of evidence. The order granting a new trial directed that the costs should abide the event of the suit. Upon an appeal from this order to the general term, it was so modified as to grant a new trial, " on payment by the defendant of all the costs subsequent to the notice of trial in this action." Various proceedings were had between the counsel for the parties, for the

purpose of adjusting the amount of costs to be paid by the plaintiff in pursuance of this order. The plaintiff claimed the costs of several circuits preceding that at which the cause was tried; also the extra allowance of $100; also the costs of the hearing at the special term and the appeal to the general term from the order granting a new trial. Upon affidavits showing these facts, the defendant's attorneys gave notice of a motion to be made at the next general term to modify the order granting a new trial, so as to determine the amount of costs which the defendant is required to pay, or to designate some officer to tax or adjust such costs. Application having been made to Mr. Justice HARRIS for an order staying proceedings until the motion could be made, it was agreed by the counsel for the parties that the motion should be heard and decided by him, with the same effect as if the motion had been made at general term.

J. HOLMES, *for Plaintiff.*

S. STEVENS, *for Defendant.*

HARRIS, Justice.—The granting of a new trial, on the ground that the verdict is against evidence, or because the damages are excessive, has always been regarded as a matter of favor rather than of right. The trial having been fairly conducted, and there being no error of law, or misconduct of the jury, it is very much in the discretion of the court whether the case shall be submitted to another jury. Hence it is, that the practice has obtained, when a new trial is awarded under such circumstances, of imposing, as a condition, the payment of costs (Jackson vs. Thurston, 3 *Cow.* 342). In such cases, the costs which the court has required the party obtaining the new trial to pay, as a condition of the favor granted, are the costs of the former trial and of the motion. There is no reason why the costs of the circuit, preceding that at which the trial was had, should be paid, any more than the other costs in the cause. The true rule is, to charge the party obtaining the favor of a new trial with the costs of such proceedings as are vacated for that purpose.

The next question is, whether the extra allowance should be included as a part of the costs which the defendant is required to pay. The Code allows to the plaintiff recovering costs, " for all

Ellsworth agt. Gooding.

proceedings subsequent to the notice of trial and before trial, *seven* dollars, and for the trial, *fifteen* dollars." In addition to these allowances, the 308th section authorizes a further allowance in certain cases. When made, this additional allowance becomes as much a part of the costs, as the specific sums mentioned in the 307th section. This extra allowance, when ordered, is to be treated as a part of the costs to which the prevailing party is entitled by law. It is a part of the costs of the trial, and when, as in this case, the costs of the trial are to be paid, as the condition of a new trial, I see no reason why such allowance should not be paid, as well as any other costs accruing upon the trial.

The remaining questions relate to the costs upon the motion for a new trial. The Code provides no specific allowance for any proceeding subsequent to the trial, except upon appeal, and it is contended that the plaintiff, if any costs at all are allowable upon the motion for a new trial, can only have the costs of a mo tion under the 315th section. I understand this section, however, as applicable to an entirely different class of motions.

By the act of 1840, in relation to costs (*Sess. Laws of* 1840, *page* 333, § 15), the court was required to regulate by rule the amount of costs to be allowed upon granting or denying " a special motion." In pursuance of this statute, the court, by rule, fixed the amount to be allowed the party making the motion, at ten dollars, and to the party opposing, at seven dollars. In 1847, the rule was so altered as to make the amount in either case, ten dollars. This rule was always understood as applicable to non enumerated motions alone (Thomas agt. Clark, 5 *How. Pr. R.* 375; Mitchell agt. Westervelt, 6 *How. Pr. R.* 275). The costs of enumerated motions were specifically provided for in the fee bill of 1840, as they had been by the fee bill contained in the Revised Statutes. Such costs were taxable by items, like other costs in the cause. The 315th section of the Code was, undoubtedly intended as a substitute for the 93d rule of 1847. It was intended to apply to special or non enumerated motions, and to those only. The motion for a new trial, when founded upon a case or bill of exceptions, has never been regarded as such a motion. On the contrary, such a motion has, through all the changes of our practice been uniformly treated as a regular pro-

ceeding in the cause, and brought to hearing, like an issue of law, as an enumerated or calendar motion.   The 315th section of the Code has no application to such a case, and if no other provision can be found which is applicable, no costs upon such a motion can be allowed.

But I am inclined to think the provision allowing a specific fee for the trial of an issue should be so construed as to entitle the prevailing party to that fee as often as the cause is brought to a hearing upon the merits under the issue that has been made.  Thus, if an issue of fact be brought to trial, and, for any cause, a juror is withdrawn, or being unable to agree, the jury is discharged without rendering a verdict, the party who is finally successful would, undoubtedly, be allowed a trial fee, though the trial did not result in a decision.   So, if there be a verdict subject to the opinion of the court, or special verdict, the prevailing party is entitled, upon the adjustment of the costs, to a trial fee, both for the circuit and the term of the court when judgment is rendered. And so, when a case or bill of exceptions has been made, and the cause is argued upon the question whether the party who has obtained the verdict shall have judgment or a retrial shall be awarded, I think the same principle should be applied, and the successful party should be allowed a trial fee upon such a hearing.   The plaintiff is therefore entitled to a fee of fifteen dollars upon the motion for a new trial made at the special term.

I think, too, the fee of *fifteen* dollars before argument, and *thirty* dollars upon the argument of the appeal is allowable. The 349th section of the Code authorizes an appeal to the general term from an order made at a special term " when it grants or refuses a new trial."   The appeal in this case was brought under this provision.   The 6th subdivision of the 307th section, as it stood when this question arose, gives the fee of *fifteen* and *thirty* dollars in all cases of appeal in this court, except " orders granting or denying a *non-enumerated* motion.   We have seen that the motion for a new trial on the merits is not a *non-enumerated* motion, and the case is, therefore, not within the exception.

The following, therefore, are the costs to which the plaintiff is entitled under the order granting a new trial as modified at the general term.

For proceedings subsequent to the notice of trial and before
trial, ........ .... ........ ........ ........ .... ......   $7·00
For trial fee at the circuit, .... ........ ........ ........ ....   15·00
Witnesses' fees, including travel, .... .... ........ ....   145·68
Sheriff's, jurors' and clerk's fees, .... .... .... ......   4·50
Other disbursements, .... .... .... .... .... .... ....   2·16
Extra allowance on trial, ...... .... .... .... ......   100·00
Three term fees, on motion for new trial, cause on calen-
dar and not reached, &c. .... .... .... .... ......   30·00
Trial fee on motion, .... .... .... .... .... .... .... .   15·00
Disbursements on appeal, .... .... .... ...... .... ....   3·10
Term fee, cause on calendar upon appeal and not reached,   10·00
Fee before argument on appeal, .... .... .... .... ....   15·00
Argument fee on appeal, . .... .... .... .... .... ....   30·00

       $377·44

The order should be so modified as to direct that a new trial be
awarded upon the payment of this sum by the defendant.