By the Court.—Freedman, J.
I concur with the learned chief justice that this court is not absolutely bound, upon the filing of a remittitur, to render judgment by simply adopting the judgment of the court of appeals as its own, but that the record and proceedings in the appellate tribunal are remitted to be proceeded upon in this court according to law. But I do not think that the court of appeals has, by its judg *356 ment, disposed of the entire action and all the questions involved therein, and absolutely determined that neither of the parties is entitled to any costs as against the other. The judgment entered upon the report of the referee dismissing plaintiff’s complaint with four hundred and seventeen dollars and ninety-seven cents costs to the defendants, having been reversed, upon appeal, by the order of the general term, which directed a new trial, with costs to the plaintiff to abide the event, and the court of appeals having, on defendants’ appeal from said order, affirmed the same in all things and further ordered and adjudged that judgment absolute be renderedffor the plaintiff restraining the defendant from inserting beams, &c., in the walls of plaintiff’s building, without prejudice to the claim of either party to the land and premises in dispute, and without costs to either party, I am clearly of the opinion that the words ‘ ‘ and without costs to either party” refer only .to the costs of the appeal to the court of appeals, and that plaintiff is entitled to the costs secured to him by the general term order upon the event of his final success.
The next question, .therefore, is whether, upon plaintiff’s ultimate success, which has now been attained, such order covers the costs of the action and of the appeal to the general term, or of such appeal only.
In Koon v. Thurman (2 Hill, 357), Judge Cowen says, such a rule means the costs of the motion for a new trial as well as the costs of the trial itself. That may mean, however, the costs of the second trial, and not of the first trial. But in Goshing v. Acker (2 Hill, 391), it was held that a party ultimately successful will have costs of the trial below, on the principle that the appellate court gives such judgment as the court below should have given, and that such judgment carries costs.
On the same principle it has been held that when *357 the favor of a new trial is granted on payment of costs, the costs meant to include the costs of all such proceedings as are vacated, in order that a new trial may be had (Ellsworth n. Gooding, 8 How. Pr. 1; North v. Sargeant, 14 Abb. Pr. 224). According to the principle of these decisions the order referred to covers all the costs which have been taxed.
This court, in carrying into effect the judgment of the Court of appeals, had the right to dispose of this question of costs, and the disposition, as made, should not be disturbed.
The judgment and order appealed from should be severally affirmed, with costs.
Monell, J., concurred.