CONSTANCE B. PRICE, Appellant and Respondent, *v.* WALTER J. PRICE, Appellant and Respondent.

*Admeasurement of dower — liability for withholding possession, of a grantee and of an heir respectively — an imposition of an easement upon lands not set off is improper — what character of real property should be set off.*

Under the provisions of sections 1600 and 1603 of the Code of Civil Procedure a grantee of property, subject to a dower interest, becomes liable only after a demand, after which his liability continues, not exceeding six years in all, until judgment admeasuring the dower is entered, although prior to that time he may have conveyed the land — while an heir-at-law is liable from the date of the death of the husband.

It is not proper, in the admeasurement of dower, to impose charges upon lands not set off for the exclusive use and benefit of the doweress during her life, nor is it proper to set off dower in a burial lot.

In the admeasurement of dower the land subject thereto consisted of certain houses and lands in the city of New York, and seventy-six acres of land near Lake George, on which was a manor-house, another piece of land and an island in Lake George, and a burial lot in Greenwood Cemetery; of which a part of the manor-house property, including the dwelling, and a third of the burial lot, were set off to the doweress, together with property easements in other parts of the manor property, for the benefit of that part which had been set off for her benefit.

*Held,* that such admeasurement was improper as there was no probability that, from the part of the manor property set off to her, she would be able to realize the sum to which she was naturally entitled.

That the attempt to create an easement over other portions of the property which were not set off to the doweress was improper, and that it was also error to set off dower to her in the burial lot.

Appeals by both the plaintiff and certain of the defendants from a decree herein, entered in the office of the clerk of the county of New York May 22, 1889, admeasuring the dower of the plaintiff and awarding her damages for the withholding of such dower.

*George H. Starr* and *Charles Jones,* for the plaintiff.

*James R. Marvin,* for the defendant Little.

*David Wilcox,* for the defendant Paine and others.

Van Brunt, P. J.:

The plaintiff and one Walter W. Price were married. Price died in January, 1876, being then the owner in fee of the real property described in the complaint herein, which consisted of some houses and lots in the city of New York, seventy-six acres of land, called Price Manor, at Lake George, Diamond Island in Lake George, and a plot of land in the village of Lake George. He also owned a burial plot in Greenwood Cemetery.

In June, 1880, the plaintiff brought this action to recover her dower in all the aforesaid lands. The action was referred to a referee for trial, who dismissed the complaint. Upon appeal this judgment was reversed and judgment absolute was given to the plaintiff, that she was entitled to dower in the lands described in the complaint, and directed an interlocutory judgment to that effect to be entered, which was done, and by which it was referred to a referee to admeasure and set off the dower. In July, 1885, the last-named referee made his first report, that it was not for the interest of all the parties to admeasure and set off any parcel of said lands.

The court at Special Term refused to confirm this report and sent the case back to the referee with directions to admeasure the dower and set it off from the manor property. Upon appeal this order was affirmed by the General Term. The referee thereupon proceeded to the admeasurement of the dower of the plaintiff, and, in June, 1887,

made his report admeasuring the plaintiff's dower, and setting off to her a part of the manor-house property, upon which stood the dwelling, etc., and also attempted to impose upon other parts of the manor property easements for the benefit of that part which had been set aside for the benefit of the doweress, and also set off one-third of the burial plot in Greenwood Cemetery.

In December, 1887, it was, on motion of the plaintiff, referred to the same referee to compute the amount due to the plaintiff from the defendants, respectively, as her damages for the withholding of her dower, and to take an account of the mesne rents, issues and profits of the several pieces of property in which the plaintiff was endowed, from the beginning of the action, until entry of interlocutory judgment and also to the filing of his report.

It appeared that the defendant Josephine Little sold the premises owned by her on April 25, 1882, and delivered possession thereof to the purchaser. In January, 1889, the referee filed his report computing the amounts as directed, charging the defendant Little with the mesne profits from the time suit was brought up to August 9, 1887, the time when report was confirmed, and charged the other defendants with such profits from the commencement of the action to the filing of his report in January, 1889. Upon motion to confirm this report the court modified the same as to the defendant Little by striking out the mesne profits, after she had sold the house, and as against St. John's Church by limiting the time from the commencement of the action to the 9th of August, 1887, the date of the confirmation of the report admeasuring the dower, and as to the other defendants by limiting the time to six years. Final judgment was entered upon this basis in May, 1889. The plaintiff appealed from that part of the judgment which admeasured the dower in the manor-house property, and from that part of the judgment awarding damages against the defendant Little so far as it fails to award damages down to August 9, 1887. The defendants, St. John's Church and Josephine Little, appealed from so much of the judgment as awarded dower and damages and costs. And the other defendants appealed from so much of said judgment as imposed privileges or easements upon other lands and as awarded dower in burial plot in Greenwood Cemetery. The various appellants also named in their notices of appeal various

orders and judgments, but as they have all been previously before the General Term it is not thought necessary to refer to them here. It is not necessary to consider the question as to whether dower can be actually admeasured, or as to in what property it should be set apart, as these questions have been previously before the General Term and passed upon.

Upon the whole case, however, we are of the opinion that the dower has not been so admeasured as to protect the plaintiff. There is no probability that from the part of the manor-house property set off to her that she will ever be able to realize the sum to which she is yearly entitled. The situation and character of the property is such that a large margin must be left for maintenance and support, which the rental of that portion set aside will not assure.

We think, also, that the referee erred in attempting to create easements over other portions of the property not set aside. The doweress is entitled to the full and complete possession of the property set aside, and the owners of the other property are entitled to have their property free and clear of and from each and every claim of the doweress. The referee, therefore, had no right to impose charges upon land not set aside for the exclusive use and benefit of the doweress during her life. It is difficult to see how dower can be set off in a burial lot. The doweress has only a life interest in the land admeasured, the right to the use and benefit of the same during her life; her right then in the burial lot would appear to be the right to be buried there as long as she lives, and when dead she must remove. The referee, therefore, erred, when he set-off dower in the burial lot. The only remaining question to be considered is that part of the judgment which fails to charge the defendant Little with mesne profits after the sale of the property owned by her. As at the common law a widow was entitled to damages from the time only when she recovered her judgment for her dower, the statute prescribes the only rule for a recovery for withholding dower prior to judgment.

Section 1600 of the Code provides that the damages for the withholding the dower are to be computed where the claim is made against some person other than an heir, from the time when dower is demanded of the defendants to the time of trial or application for judgment, as the case may be, but not exceeding six years in the whole.

Section 1603 provides that, in case the heir of the husband has aliened the real property, the doweress may recover, in a separate action against him, damages for withholding her dower from the time of the death of the husband to the time of alienation. This provision clearly has no application to the case of a grantee.

A grantee becomes liable only after demand. An heir is liable from husband's death, no demand is necessary to fix his liability, whereas no liability begins to run against grantee until demand, and then this liability continues until judgment. After suit brought there is no provision for proceeding against subsequent purchasers. By demand upon grantee the liability is fixed by the very terms of the statute. There is no way that a grantee subsequent to suit brought can be brought in.

The rules in action of ejectment have no application here. This right is a creature of the statute, derives its whole force from the statute, and when the statute provides that the doweress may also recover from a person other than the heir, damages for withholding her dower from the time of demand to the day of judgment, it did not say unless the person in the meantime aliens the land, but it does say that a defendant withholding dower at the time of bringing suit is liable for damages until judgment. We think, therefore, that it was erroneous to deprive the plaintiff of damages after the aliena tion of her land by the defendant Little. She was liable for such damages for six years prior to the application for judgment.

The judgment appealed from must be reversed, with costs to the plaintiff to abide final event.

DANIELS, J., concurred.

Judgment reversed, with costs to plaintiff to abide final event.