CONSTANCE B. PRICE, RESPONDENT, *v.* WALTER J. PRICE AND OTHERS, APPELLANTS. ·

*Costs in an action for dower are a matter of right — what costs are recoverable where costs are given by the Court of Appeals — motion costs are discretionary— a reference had, under a judgment awarding dower, to admeasure it, is not a " trial" for the purpose of costs — Code of Civil Procedure, secs. 3228, 3251.*

In an action brought to recover dower an order of reference to hear and determine the issues was made to Mr. Anderson, who dismissed the complaint. Upon appeal the General Term reversed the judgment and ordered judgment absolute for the plaintiff, sending the matter to Mr. Van Slyke, as referee, to admeasure dower, whose report was confirmed and judgment was ordered at Special Term against all the defendants.

Upon an appeal from this judgment the General Term affirmed it. From the judgment of affirmance all parties appealed to the Court of Appeals, which reversed the judgment, and also reversed all the orders entered after the judgment granted upon the report of Mr. Anderson. It further affirmed the judgment entered upon Mr. Anderson's report, " with costs to each of the defendants appearing by separate attorneys."

Upon an appeal by the defendants from an order denying their motion for a retaxation of costs:

*Held,* that the action was one in which, upon an appeal from a final judgment and its affirmance, the respondents were entitled to costs as a matter of right

That said defendants, as respondents, were entitled to costs of the appeal to the General Term from the judgment dismissing the complaint, entered upon the report of Mr Anderson, and of the further appeal to the Court of Appeals.

That said defendants, as appellants, were further entitled to the costs of the appeal to the General Term from the judgment which confirmed the report of Mr Van Slyke. . .

That neither party was entitled to costs upon the appeal of the plaintiff from the judgment entered upon the decision of the General Term, since, by the entire reversal, upon the appeal of the defendants, of the judgment entered upon said

decision, there had been no decision made by the Court of Appeals upon said appeal of the plaintiff.

A number of motions had been made in the action before it reached the Court of Appeals, in which the plaintiff had been allowed costs. The Court of Appeals reversed all the orders entered upon said motions.

*Held,* that as the matter of motion costs was discretionary, the court would not allow to the defendants costs of each motion, in which the plaintiff had in the first instance been awarded such costs.

That a reference to admeasure dower is an interlocutory proceeding, and is not a trial within section 3251 of the Code of Civil Procedure, and that consequently the defendants were not entitled to tax costs as of a trial before Mr. Anderson, and of a second trial before Mr. Van Slyke.

APPEALS by the defendants, Walter J. Price, Caroline P. Paine, Frank N. Price, and James Dunne, as executor of Charles G. Price, deceased; Josephine Little, Lillie M. Price, the Glens Falls Insurance Company and the Rector, Church Wardens and Vestrymen of St. John the Evangelist's Church, from an order, entered in the office of the clerk of the city and county of New York on the 12th day of June, 1891, affirming the taxation by said clerk of the bills of costs of the several defendants herein.

The referee appointed to hear and determine the action was Mr. H. H. Anderson. The referee appointed by the interlocutory judgment giving the plaintiff dower, to admeasure the same, was Mr. George W. Van Slyke.

*James R. Marvin,* for the appellants.

*George H Starr,* for the respondent.

INGRAHAM, J. :

This action was brought to recover dower. The issues were referred to a referee to hear and determine, who reported in favor of the defendants dismissing the complaint.

Upon an appeal from the judgment entered on such report, the judgment was reversed by the General Term and judgment absolute ordered for the plaintiff, whereby it was referred to a referee to admeasure the plaintiff's dower.

The report of the referee was finally confirmed and judgment ordered against all the defendants awarding plaintiff dower, damages and costs. This judgment was affirmed by this court, whereupon both parties appealed to the Court of Appeals; the judgment and orders, subsequent to the judgment entered on the report of the

referce who tried the issues in the action, were reversed, and the judgment entered upon the report of the referee dismissing the complaint, with costs, was affirmed, with costs to each of the defendants appearing by separate attorneys, and we have to determine the costs to which defendants are entitled.

This is an action specified in section 3228 of the Code; and upon an appeal from a final judgment, if the judgment is affirmed, the respondent is entitled to costs as a matter of right. The defendants were the respondents on the appeal to the General Term from the judgment dismissing the complaint, and as that judgment has been affirmed they are entitled to costs of the appeal from that judgment to the General Term, as well as to the Court of Appeals.

We think, also, that the defendants should have been allowed the costs to which an appellant is entitled on the appeal to the General Term from the judgment entered on the report of the referee appointed to admeasure dower. On that appeal the defendants were the appellants, and as the judgment was reversed under section 3238 of the Code the appellants were entitled to costs. We think, therefore, that defendants were entitled to the costs of respondents on the first appeal to the General Term, and to the costs, as appellants, on the second appeal to General Term and on the appeal to the Court of Appeals. This ruling is in accordance with the decision of the Court of Appeals in the case of *Murtha* v. *Curley* (92 N. Y., 360).

Neither party is entitled to costs on the appeal of the plaintiff from the judgment entered on the decision of the General Term, because that judgment has never been either affirmed or reversed. On that appeal the defendants, who now ask to tax their costs as respondents, could only be entitled to costs in case the judgment on the appeal of the plaintiff was affirmed. (Code, § 3238.) As the judgment on that appeal was not affirmed, the judgment having been entirely reversed on the appeal of the defendants, there was no decision of that appeal and neither party is entitled to costs thereon.

The defendants also ask the court to tax ten dollars costs for each of the motions where costs were allowed to the plaintiff by the orders which were reversed.

Motion costs are in the discretion of the court that decides the motion. It does not follow that the court, in the exercise of that discretion, would have granted costs of motion to defendants if the

motion had been denied, because it granted costs to plaintiff when the motion was granted. A party is not entitled to be allowed motion costs unless he can present an order in which such costs are allowed by the court making the order. In this case no such order is produced.

So far as the allowance of costs are discretionary in the Supreme Court, a general award of " costs " by the Court of Appeals applied only to costs on the appeal to that court. (*In re Protestant E. Public School*, 86 N. Y., 397.) The clerk, therefore, was correct in refusing to allow defendants the costs of the motions.

The defendants also asked to be allowed costs as upon a trial for each of the two proceedings before the referee under the interlocutory judgment entered upon the decision of the General Term.

It is clear, however, that there was but one trial of the action. That was the trial before the referee to hear and determine, and, in the judgment dismissing the complaint entered upon the report of that referee, the costs for that trial were allowed. The proceedings on the subsequent hearings were not trials of the action; the case had been tried and a judgment entered by the General Term in favor of the plaintiff. The referee was ordered to ascertain the specific interest of the parties to the action in the property described in the complaint, and to set apart to the plaintiff the portion of said property to which she was entitled, and to state an account between certain of the parties so as to ascertain the amount that plaintiff was entitled to recover. Such a reference is interlocutory in its character, and is not a trial within section 3251 of the Code.

We think, therefore, that defendants were entitled to costs as respondents on the first appeal to the General Term, to costs as appellants on the second appeal to the General Term, and to costs as appellants on the appeal to the Court of Appeals.

The order should be reversed and a retaxation ordered in accordance with the views here expressed, with ten dollars costs and disbursements of this appeal to the appellants.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Order reversed and a retaxation ordered in accordance with directions expressed in opinion, with ten dollars costs and disbursements of this appeal.