### GILROY v. BADGER.

(Supreme Court, Appellate Term. June 28, 1899.)

COSTS—PREPARATION FOR TRIAL AND TRIAL FEES—INCOMPLETED TRIAL.
Under Code Civ. Proc. § 3251, subd. 3, authorizing the successful party to tax $15 as costs "for all proceedings after notice of trial and before trial," and a fee "for the trial of an issue of fact," where a case was placed by plaintiff on the short-cause calendar, and, after the trial had proceeded for an hour without being concluded, was sent back to the general calendar, and tried in regular course, defendant is entitled, on a judgment in his favor, to tax two items of costs for preparation for trial and two trial fees.

Appeal from city court of New York, general term.

Action by Thomas F. Gilroy, Jr., against Walter S. Badger. Defendant appeals from an order of the general term (56 N. Y. Supp. 1108) affirming an order of the special term denying his motion to retax costs. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

L. M. Berkeley, for appellant.
Robt. L. Wensley, for respondent.

LEVENTRITT, J. The only question involved in this appeal is one of costs. Suit was brought in the city court on a promissory note. After issue joined, the action was, on motion of the plaintiff, placed on the short-cause calendar, brought on for trial, and, after having proceeded for an hour without being concluded, was, under the rule, sent back to the general calendar. Subsequently it came to be tried in regular course, and resulted in a verdict for the defendant. On an ex parte taxation of his bill of costs the defendant included two trial fees, one for each proceeding and, similarly, two items of "costs after notice of trial." On a retaxation the clerk disallowed so much of these items as had reference to the short-cause proceedings, deducting one trial fee of $30 and $15 for the first costs "after notice of trial." The clerk being sustained at the special and general terms of the city court, the defendant has taken this final appeal.

We think the disallowance of the first trial fee and the first costs after notice of trial was erroneous. Subdivision 3 of section 3251 of the Code of Civil Procedure provides that the successful party shall tax "for all proceedings after notice of trial and before trial * * * fifteen dollars; * * * for the trial of an issue of fact thirty dollars." It is quite evident from the form of the phraseology "after notice of trial and before trial" that these costs contemplated

compensation for services rendered in preparing the cause for trial and discharging the incidental duties intermediate the notice and the trial. So, too, the costs "for the trial" contemplate compensation for services rendered in the actual conduct of the trial. In the case at bar there was imposed on the defendant the necessity twice to prepare for and twice to conduct the trial, and a reasonable construction of the Code provision entitled him to statutory fees for both. While we find no precedent covering the exact situation here developed by the improper preferment of the cause, there is abundant authority in closely analogous cases for the allowance of those costs in incompleted trials. In numerous instances in which a juror had been withdrawn in the progress of the trial it was, for the purposes of taxation of costs, deemed a trial. Ellsworth v. Gooding, 8 How. Prac. 4; Mott v. Ice Co., 8 Daly, 247; Dewey v. Stewart, 6 How. Prac. 465; Cash Co. v. Reinhardt, 6 Misc. Rep. 365, 26 N. Y. Supp. 746. We recognize no distinction in principle in these two classes of incompleted trials. Our attention has been directed to the case of Jackett v. Judd, 18 How. Prac. 385, which, it is claimed, is at variance with the views here expressed. This was a special term decision, rendered in 1859, and did not involve the question of a trial fee or its taxation. It related to the costs taxable for proceedings after notice of trial under circumstances wholly dissimilar from those under review, in that they did not arise by reason of an incompleted trial, but rested upon a claim of double taxation growing out of two trials, where there had been a reversed judgment, and where a different party prevailed on each trial. Moreover, the justice in that case relied for his authority solely on Perry v. Livingston, 6 How. Prac. 404, also a special term decision, which, although well decided, can in no sense be invoked as a precedent for the case at bar. There the action was noticed for trial at the circuit, and before being reached upon the calendar was referred. There was but one trial, and naturally the prevailing party was not allowed double costs for a single proceeding. The other cases cited can be similarly distinguished, and furnish no guide to a solution of the question before us. The original taxation by the clerk was correct, and the order appealed from must be reversed.

Order reversed, with costs to the appellant.

FREEDMAN, P. J., concurring. MacLEAN, J., taking no part.