### FINCK v. STACHELBERG.

(Supreme Court, Appellate Term.   December 23, 1903.)

1. MISTRIAL—COSTS—TRIAL AND JURY FEES.
    This action was brought to trial as a short cause at plaintiff's instance, over defendant's opposition, and, for failure to complete the trial within the time limited for short causes, a mistrial resulted.   Subsequently the cause came regularly on for trial, and plaintiff prevailed.   *Held* that, plaintiff being responsible for the abortive character of the prior proceedings, a trial fee and disbursements for jury fees based on the mistrial could not be included in the taxation of costs.

Appeal from City Court of New York, Special Term.

An action by Robert N. Finck, as administrator, etc., against Newton Stachelberg.   From an order denying a retaxation of costs, defendant appeals.   Order reversed and retaxation ordered.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Meyer Greenberg, for appellant.
Maurice Meyer and Henry L. Scheuerman, for respondent.

BISCHOFF, J.   This action was brought to trial as a short cause at plaintiff's instance, over defendant's opposition, and, for failure to complete the trial within the time limited for short causes, a mistrial resulted.   Subsequently, the cause coming on regularly for trial, the plaintiff prevailed, and upon this appeal the propriety of the taxation of a trial fee and disbursements for jury fees upon the first and abortive trial is brought into question.

By close analogy to cases where a mistrial has resulted from the withdrawal of a juror, a trial fee may be taxed by the party brought

into court, and required to prepare for the trial of a cause, although not completed, where that party is ultimately successful in the action. Gilroy v. Badger, 28 Misc. Rep. 143, 58 N. Y. Supp. 1106. But neither the case cited, nor the authorities upon which its reasoning is based, recognizes the right of the party whose own act caused the mistrial to tax the trial fee. Where the plaintiff withdraws a juror after bringing his adversary into court, the defendant, if ultimately successful, is to be allowed the first trial fee, upon the theory that the plaintiff cannot justly be heard to say that the mistrial invited by himself was no trial. See Mott v. Consumers' Ice Company, 8 Daly, 247. But nothing in the statute, nor in the authorities upon its construction, affords sanction for the position that the party at fault may benefit, to his adversary's loss, by demonstrating as a trial something which was not a trial. There can be no reasonable ground for dispute that the rule which permits the taxation of a trial fee for a mistrial applies only to cases where the party finally successful was not responsible for the abortive character of the proceedings.

Order reversed and retaxation ordered so far as to strike from the bill of costs the items of "$30, trial fee (one item), and of $14, jury fees," with $10 costs and disbursements. All concur.