## BROWNING v. BROKAW.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

COSTS—PREVAILING PARTY—NECESSARY COSTS.

> Where plaintiff by motion, which was opposed by defendant, placed a cause upon the special calendar for short causes, and after the trial had proceeded for nearly two hours the cause was moved back to the general calendar, plaintiff, on subsequently recovering in such action, was not entitled, under Code Civ. Proc. § 3251, providing that either party is entitled to costs for the trial of an issue of fact, to tax a trial fee or a jury fee for the unfinished trial on the special calendar.

Appeal from Special Term, New York County.

Action by Edward W. Browning against Irving Brokaw. From an order retaxing costs, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Charles W. Coleman, for appellant.
Clarence E. Thornall, for respondent.

INGRAHAM, J. The action was to recover $350. The plaintiff moved to place the cause upon the Special Term calendar for short causes, which was opposed by the defendant, but which was granted. After the action had proceeded for nearly two hours, the justice presiding stopped the trial, and sent the case back to the general calendar, where it was subsequently reached in its regular order, and the plaintiff recovered. The plaintiff presented the bill of costs to the clerk for taxation, in which he sought to tax a trial fee of $30 and $15 jury fee for the unfinished trial. These items were striken out by the clerk, but allowed by the Special Term. Section 3251 of the Code of Civil Procedure provides that either party is entitled to costs for the trial of an issue of fact or the assessment of damages, pursuant to section 194 of the Code, $30. It has become the practice to allow under this section of the Code a trial fee to be taxed where the trial has been regularly commenced, but not concluded by reason of the withdrawal of a juror, or other cause which prevented the completion of the trial. This rule is stated and the authorities cited by the Appellate Term in Gilroy v. Badger, 28 Misc. Rep. 143, 58 N. Y. Supp. 1106, and it was held that where an action was placed by the plaintiff upon the short-cause calendar, but, the trial not having been completed within the time allowed, it was sent back to the general calendar, and, where upon the trial the defendant was successful, he was entitled to tax a trial fee for the mistrial. There the mistrial was caused by the defeated party, and thus the successful party by an act of his opponent had been compelled to prepare for and conduct that trial. In Finck v. Stachelberg (Sup.) 86 N. Y. Supp. 20, the question now before us

was presented to the Appellate Term, and the distinction was taken between a case where the mistrial was improperly forced on by the party ultimately successful and by the party unsuccessful, and it was there held that a trial fee should not be allowed when the successful party had forced on the trial; the court saying:

"But nothing in the statute, nor in the authorities upon its construction, affords sanction for the position that the party at fault may benefit, to his adversary's loss, by demonstrating as a trial something which was not a trial. There can be no reasonable ground for dispute that the rule which permits the taxation of a trial fee for a mistrial applies only to cases where the party finally sucessful was not responsible for the abortive character of the proceedings."

This rule is consistent with justice. It allows a trial fee for the trial of the action where there has been a mistrial by the fault of the defeated party. Where he was allowed to withdraw a juror, or where he had moved the case upon the special calendar for the trial of short causes, and it was demonstrated at the trial that that was not the proper calendar, he is estopped from claiming that this trial for which he compelled his opponent to prepare was not a trial, within the meaning of the section of the Code which allows a trial fee to be taxed as costs by the successful party; but no such condition exists where the mistrial was caused by the mistake or fault of the party ultimately successful, and it certainly is not fair that the unsuccessful party should be compelled to pay to the successful party a trial fee for a trial which was unnecessary, and which never would have been had except for the mistake of the party seeking to tax the fee. We are therefore inclined to approve the rule adopted in Finck v. Stachelberg, and it follows that the plaintiff was not entitled to tax a trial fee for the mistrial caused by his mistake in bringing the case on for trial upon the special calendar. If the plaintiff was not entitled to tax a trial fee, he was not entitled to tax the disbursements of this interrupted trial, as such disbursements were not necessary disbursements in the action; they having been incurred by the plaintiff in consequence of the mistake that he made in bringing the case on for trial where it should not have been tried.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the taxation of the clerk affirmed, with $10 costs. All concur.