(64 Misc. Rep. 292.)

BOISSEVAIN et al. v. POPE.

(Supreme Court, Special Term, New York County. August 27, 1909.)

Costs (§ 157*)—Trial Fee—Interlocutory Reference—"Trial."

Plaintiff sued on an account stated, and after a trial at Special Term, of which due notice was given, it was held that there was no account stated, whereupon the court directed a reference to take and state an account and to hear and determine issues on the account. An interlocutory judgment was entered on the decision, and after a regular notice of trial the case proceeded before the referee, who found the account for plaintiff, and judgment was entered on his findings. *Held*, that the reference was interlocutory, and not a "trial," within Code Civ. Proc. § 3251, authorizing taxation of $30 costs for the trial of an issue of fact, and hence plaintiff was entitled to but one trial fee.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 616; Dec. Dig. § 157.*

For other definitions, see Words and Phrases, vol. 8, pp. 7095–7103, 7821.]

Action by Daniel G. Boissevain and others against James E. Pope. On motion for retaxation of costs. Granted.

Almet Reed Latson, for the motion.
Hornblower, Miller & Potter, opposed.

GIEGERICH, J. The defendant seeks by this motion to have stricken out from the costs as allowed by the clerk one item of costs after notice of trial amounting to $15 and one trial fee for an issue of fact amounting to $30. The action was brought by the plaintiffs as upon an account stated, and, after a trial at Special Term, a decision was rendered in which it was held that no account stated existed between the parties, and a reference was directed to take and state an account of all dealings and transactions between the parties to the date of the commencement of the action and to hear and determine the whole issue upon such account. An interlocutory judgment was entered in accordance with the decision. After a regular notice of trial, the trial then proceeded before the referee, who found upon the account in favor of the plaintiffs, and judgment upon his findings and report was subsequently entered.

In my opinion there was but one trial; the proceeding before the referee being a part of such single trial, and not an independent and separate trial. The investigation of the account, to ascertain on which side the balance lay and the amount thereof, might have been made by the trial justice as a continuation of and a part of the trial which was held before him. The fact that he followed the settled practice of sending such questions to a referee does not affect the character of such investigation of the account, which was clearly interlocutory. The case nearest in point I have been able to find is Price v. Price, 61 Hun, 604, 607, 16 N. Y. Supp. 359, 360, which was an action to recover dower. The court there observed:

"The referee was ordered to ascertain the specific interest of the parties to the action in the property described in the complaint, and to set apart to

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
118 N.Y.S.—37

the plaintiff the portion of said property to which she was entitled, and to state an account between certain of the parties, so as to ascertain the amount that plaintiff was entitled to recover. Such a reference is interlocutory in its character, and is not a trial, within section 3251 of the Code."

The court accordingly held that costs of one trial only could be taxed. So far as can be judged by the papers before me, the issue determined at Special Term was not an issue of law, but an issue of fact, and such is conceded to be the case in the plaintiff's brief. Wiggins v. Arkenburgh, 4 Sandf. 688, and Milliman on Costs, p. 485, relied upon by the plaintiffs, are therefore not in point. Neither is Gilroy v. Badger, 23 Misc. Rep. 143, 58 N. Y. Supp. 1106, like the present case. There the action was placed on the short cause calendar, and was sent back to the general calendar because it was not finished in an hour, and two trial fees were very properly allowed; the court observing that there was imposed upon the defendant the necessity twice to prepare for and twice to conduct the trial. In the present instance only a single trial was had; a part of it taking place before the court at Special Term and a part of it before a referee, and the two proceedings together making a single complete trial.

The motion is therefore granted, without costs.