(83 Misc. Rep. 159.)

### NORTON v. ERIE R. CO.

(Supreme Court, Special Term, Steuben County. December 8, 1913.)

1. COSTS (§ 149*)—LIABILITY FOR COSTS.

    Where plaintiff was.allowed to withdraw a juror, thus producing a mistrial, so that she might amend her complaint, she is not entitled, upon recovering a favorable judgment on the second trial, to have taxed against the defendant the costs occurring after notice and before trial, and for the trial fee of the first trial.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. § 576; Dec. Dig. § 149.*]

2. DEATH (§ 92*)—ACTIONS—VERDICT—INTEREST.

    While Code Civ. Proc. § 1904, allows in case of recovery for wrongful death the adding of interest on the verdict from the time of the decedent's death, no interest can be added to a verdict recovered for the wrongful death of a servant, under the federal Employers' Liability Act,† providing that every interstate railroad shall be liable in case of the death of an employé to his or her personal representatives; the federal statute displacing the state law even though the action was brought in the state court.

    [Ed. Note.—For other cases, see Death, Cent. Dig. § 102; Dec. Dig. § 92.*]

Action by Gertrude I. Norton, as administratrix, against the Erie Railroad Company. On motion by plaintiff to retax costs. Motion denied.

See, also, 157 App. Div. 899, 141 N. Y. Supp. 1134.

James O. Sebring, of Corning, for plaintiff.

Robbins, Brown & Greene, of Hornell (Fred A. Robbins, of Hornell, of counsel), for defendant.

CLARK, J. This action was originally brought under the common law and the New York State Employers' Liability Act (Consol. Laws 1909, c. 31, §§ 200–204) and was tried twice. At the first trial, held in November, 1911, at the close of the plaintiff's case, a motion for a nonsuit was made, and the trial court intimated that it should be granted because the negligence, if any, was that of a fellow servant of plaintiff's intestate for which defendant would not be liable. Plaintiff's counsel thereupon asked leave to withdraw a juror that he might apply to the Special Term to amend the complaint. That motion was granted, and later the Special Term granted plaintiff's application to amend her complaint setting forth a cause of action under the federal Employers' Liability Act, and she served an amended complaint in pursuance of said authority.

[1, 2] On the second trial, the court charged that there could be no recovery under the common law or state Employers' Liability Act, and none excepting under the federal act, and that the jury should find that deceased, at the time of his death, was engaged in interstate commerce. That was the law of the case, and the verdict in favor. of plaintiff showed that the jury found that the intestate was engaged in interstate commerce when he was killed, otherwise there could have been no recovery, under the charge of the trial court.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† U. S. Comp. St. Supp. p. 1322.

The mistrial was in no way the fault of defendant. The discretion of the court was exercised in favor of plaintiff to permit her to withdraw a juror, and therefore she is not entitled to tax the items of $15 and $30, for costs after notice and before trial, and for the trial fee for the first trial. Browning v. Brokaw, 114 App. Div. 104, 99 N. Y. Supp. 599; Seifter v. Railroad Co., 53 App. Div. 443, 65 N. Y. Supp. 1123.

The item of $3 for printing points on appeal and $10 for printing appeal book should not be allowed, for it appears that there was but one appeal, and that was from the order allowing plaintiff to amend her complaint, and defendant has already fully paid the costs and disbursements in said appeal.

Plaintiff seeks to add interest on the verdict from the time of decedent's death, $1,251.25, under the authority of section 1904 of the Code of Civil Procedure. The recovery was exclusively under the federal statute, which does not expressly allow interest to be added to a verdict, and that statute displaces the state statute permitting interest to be added. St. Louis & San Francisco R. v. Seale, 229 U. S. 156, 33 Sup. Ct. 651, 57 L. Ed. 1129; Mondon v. N. Y., N. H. & H. R., 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44. If the action had been tried and the recovery had under the state statute, plaintiff could undoubtedly have added interest to the verdict. Code Civ. Proc. § 1904.

While plaintiff, having brought her action in a state court, can invoke the state practice, so far as procedure is concerned, her right of action rested exclusively on the federal statute, which does not allow interest to be added to a verdict. The federal statute says simply this:

"Every common carrier by railroad, while engaged in commerce between any of the several states or territories, * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or in case of the death of such employé, to his or her personal representative for the benefit," etc.

The jury, by its verdict, stated, under the charge of the court, what plaintiff was entitled to receive as damages; they cannot be increased by adding thereto an item of interest not allowed by the terms of the statute under which the case was tried and the verdict rendered. Frounfelker v. D. L. & W. R., 73 App. Div. 350, 76 N. Y. Supp. 745; Kiefer v. Grand Trunk R., 12 App. Div. 28, 42 N. Y. Supp. 171.

It is my conclusion that the items referred to in the moving papers were properly stricken out by the clerk, and it follows that this motion must be denied, with costs.

Ordered accordingly.