Casualty Company of America, Plaintiff, *v.* A. L. Swett Electric Light & Power Company, Defendant.

Supreme Court, Orleans County, July, 1923.

Costs — reversal in Court of Appeals " with costs to abide event "— when party later successful on trial entitled to tax costs of all appeals in action.

The dependents of an employee who was killed while at work having elected to proceed under the Workmen's Compensation Law an award was made to them. A judgment entered on a verdict in favor of defendant upon the second

trial of an action brought by the insurance carrier of the employer under section 29 of the Workmen's Compensation Law, though affirmed by the Appellate Division, with costs, was reversed in the Court of Appeals and a new trial granted, " with costs to abide the event." The jury having rendered a verdict in favor of plaintiff on said new trial, *held*, that though plaintiff was not entitled to add to the verdict interest under section 1904 of the Code of Civil Procedure, it was entitled to tax the costs of the second appeal to the Appellate Division. The formula " with costs to abide the event " means all costs of the action up to and including the decision of the Court of Appeals.

Motion to retax costs.

*Fluhrer, Reed & White,* for plaintiff.

*James A. Gosnell (Harold J. Adams,* of counsel), for defendant.

Horton, J. One Robinson, an employee of Matthew A. Ryan, was killed under the circumstances set forth in the court's opinion on a former appeal found in 230 New York, 199. His dependents elected to take compensation under the Workmen's Compensation Law, and a jury rendered a verdict of $1,000 in favor of the insurance carrier in an action brought under section 29 of the Workmen's Compensation Law. The plaintiff seeks to add to the verdict of the jury some $454.16 interest under section 1904 of the Code of Civil Procedure, and also to tax costs of the second appeal to the Appellate Division, costs having been awarded by the Court of Appeals to abide the event.

Section 29 of the Workmen's Compensation Law created for the dependents a new cause of action, independent of and not created by section 1902 of the Code of Civil Procedure. *Solomone* v. *Degnon Contracting Co.,* 194 App. Div. 50; *Bennett* v. *Page Brothers,* 197 id. 745; *Travelers Ins. Co.* v. *Padula Co.,* 224 N. Y. 397. Interest on the verdict, therefore, cannot be allowed. *Norton* v. *Erie R. Co.,* 83 Misc. Rep. 159; affd., 157 App. Div. 899.

The second trial of the action resulted in a judgment in favor of the defendant. Upon appeal, the Appellate Division affirmed with costs, but the Court of Appeals reversed, " with costs to abide the event." This formula means all the costs of the action up to and including the decision of the Court of Appeals. *Franey* v. *Smith,* 126 N. Y. 658. Plaintiff may, therefore, tax the appeal costs in controversy.

Ordered accordingly.