SALLY ELAINE WHEAT, an Infant, by GENEVIEVE WHEAT, Her
Guardian ad Litem, Plaintiff, *v.* VAN DYNE OIL COMPANY,
INC., and CHARLES BARRETT, Defendants.

GENEVIEVE WHEAT and ROBERT WHEAT, Plaintiffs, *v.* VAN DYNE
OIL COMPANY, INC., and CHARLES BARRETT, Defendants.

Supreme Court, Steuben County, September 30, 1941.

*George A. King* [*Elizabeth E. Scoville* of counsel], for the plaintiffs.

*W. Earle Costello*, for the defendants.

LAPHAM, J. This is a motion for the retaxation of costs in each of the above-entitled actions.

The facts out of which this question arose are, briefly, as follows: These actions appeared regularly upon the calendar of the April, 1941, Trial Term for the county of Steuben to be convened at Corning, N. Y.; they were moved when reached, proceeded to trial together and, in the course thereof, defendants objected to the admissibility of certain medical evidence. Counsel for the plaintiffs stated to the court that the doctor upon whom he relied and who had taken care of the infant plaintiff Sally Elaine Wheat during her illness, resided in the State of Pennsylvania; that the night before he had been assured by the doctor that he would be present in court but he had failed to appear. The trial judge took the position that this child was a ward of the court and that, if the record of her illness in the hospital could not be placed before the jury, a mistrial was warranted. In the course of the discussion the court stated that it appreciated the situation was not the result of any fault on the part of the plaintiffs' counsel but that for the protection of the child she was " entitled to have her medical history as recorded in the hospital " before the jury hearing her case. Judge King then moved for a mistrial unless the hospital record there produced was admitted in evidence in its entirety. The court stated that it was difficult to tell what the child's condition in the hospital was without the testimony of Dr. Hawkes and permitted the withdrawal of a juror, resulting in a mistrial. The case was brought on again at the next Trial Term where both plaintiffs recovered judgments, and separate bills of costs were taxed, to which objections were filed. A retaxation was had before the county clerk, and the action of this official is now before this court for review.

The objections are to:

1. A double taxation in each case of the item " Costs before Notice of Trial," $50.

2. Double taxation of " Costs after Notice and before Trial," $30.

3. Double taxation of " Trial Fee, Issue of Fact," $60.

4. Taxation of witness fees for first trial.

Let us consider these items in the order stated.

Costs before Notice of Trial: Under the practice prevailing when these cases were tried, but one note of issue need be filed. Rule 150 of the Rules of Civil Practice, among other things, provides:

" Such note of issue shall take the place of the former notice of trial and no other or further notice of the trial of the action shall be necessary.

" No new or further note of issue shall be necessary for any subsequent or adjourned term."

The weight of earlier opinion supporting the duplication of this item stressed the fact that in the cases under consideration a renoticing was required. (*Seifter* v. *Brooklyn Heights R. R. Co.*, 53 App. Div. 443, 446.)

All doubt and uncertainty as to this item is removed by the foregoing Rule of Civil Practice. The ruling of the county clerk was correct and the duplicate item of twenty-five dollars in each case is disallowed.

Costs after Notice and before Trial: There has been great diversity of judicial opinion as to the circumstances, if any, under which a successful party may tax a given item more than once. The courts have drawn a distinction between cases in which a mistrial has arisen through fault of the successful party and those in which " the party finally successful was not responsible for the abortive character of the proceedings " (*Finck* v. *Stachelberg*, 86 N. Y. Supp. 20, 21), or in which a second trial followed a disagreement of the jury without fault on either side. As to the former situation, the rule is free from doubt; as to the latter much confusion prevails.

The plaintiffs contend that they do not fall within the former classification; that the situation which resulted in a mistrial was one over which their counsel had no control and in which the court took the initiative and exonerated them from blame in connection with the failure of Dr. Hawkes to appear. Defendants' counsel urges that his clients contributed in no way to the situation which brought about a mistrial; that the plaintiffs' counsel, being familiar with the dangers attendant upon trusting to the voluntary appearance of a witness from without the State, failed to resort to the remedy of deposition, rested upon an assurance which he could not enforce, and that under those circumstances the defendants should not be penalized for a situation which stemmed solely from this election of plaintiffs' counsel.

Assuming without deciding that the plaintiffs were without fault in proceeding to trial on the promise of the physician to appear, the question arises whether they were not, at best, in a position comparable to that which exists when, without fault by either party, a jury disagrees. I believe they are. Adopting the hypothesis that the plaintiffs were without fault, under the case of *Seifter* v. *Brooklyn Heights R. R. Co.* (*supra*), they would

not be entitled to tax an additional item of fifteen dollars in each of these cases as costs after notice and before trial. (See, also, *Hudson* v. *Erie R. R. Co.*, 57 App. Div. 98; *Vogel Co.* v. *Reinhardt*, 89 Misc. 606.) By these two Appellate Division decisions in the Second Department, the rule theretofore prevailing was changed and the case of *Gilroy* v. *Badger* (28 Misc. 143), urged by the plaintiffs, is no longer controlling. In fact, the same court modified its prior holding in accordance with the position taken by the Second Department in a later case. (*Hakonson* v. *Metropolitan Street R. Co.*, 40 Misc. 182.) I am not unmindful of the decision of Mr. Justice A. L. KELLOGG at Special Term (*McArthur* v. *Town of Davenport*, 198 N. Y. Supp. 378) in which he refused to recognize the rule in the *Seifter* and other cases. I prefer, however, to subscribe to the maxim of *stare decisis*.

Trial Fee, Issue of Fact: While the First and Second Departments are not in accord as to the rule to be adopted in fixing the trial fee which the successful party may tax (*Hudson* v. *Erie R. R. Co.*, *supra*; *Browning* v. *Brokaw*, 114 App. Div. 104), the rule adopted by the First Department in the latter case is, as stated by Mr. Justice INGRAHAM, " consistent with justice." That court, is clarifying its position, adopted the following phraseology of the Appellate Term in *Finck* v. *Stachelberg* (*supra*): " nothing in the statute, nor in the authorities upon its construction, affords sanction for the position that the party at fault may benefit, to his adversary's loss, by demonstrating as a trial something which was not a trial. There can be no reasonable ground for dispute that the rule which permits the taxation of a trial fee for a mistrial applies *only to cases where the party finally successful was not responsible for the abortive character of the proceedings.*" (Italics supplied.) (See, also, *Norton* v. *Erie R. R. Co.*, 83 Misc. 159.)

Even if it be assumed that responsibility for the mistrial rested upon the shoulders of the court in its effort to mete out justice, nevertheless, it cannot be gainsaid that it was the plaintiffs who were the moving cause of the mistrial and they should not benefit thereby. It matters little whether the failure of the doctor to appear should be characterized as a fault attributable to the plaintiffs' counsel, or treated merely as an innocent error or mistake of judgment, the fact remains that the failure of plaintiffs' counsel to assure the appearance of a vital witness impelled the court to suggest and entertain plaintiffs' motion for a mistrial and, under these circumstances, they should not benefit thereby at the expense of the innocent defendants. Furthermore, such a holding complies with the principle that " As between two innocent persons, the loss must fall upon him who caused it rather than upon the other." (*Williams* v. *Hays*, 157 N. Y. 541, 547.) In other words, under

the foregoing rule of what may be characterized as comparative innocence, the plaintiffs are estopped from taxing more than one trial fee.

Witness Fees for First Trial: In *Browning* v. *Brokaw* (*supra*), Judge INGRAHAM passed upon this question when he said: " If the plaintiff was not entitled to tax a trial fee, he was not entitled to tax the disbursements of this interrupted trial, as such disbursements were not necessary disbursements in the action, \* \* \*." So under the comparative innocence rule heretofore enunciated, the defendants should not be burdened with the witness fees of this abortive trial.

Let order enter accordingly.