WILFRED PAKKALA, Plaintiff, *v.* JOSEPH S. FENDRICK, Defendant.
JOSEPH S. FENDRICK, Plaintiff, *v.* WILFRED PAKKALA, Defendant.

Supreme Court, Special Term, Tompkins County, May 25, 1942.

*Stagg, Thaler & Stagg,* for Wilfred Pakkala in both actions.

*Lloyd C. Anderson,* for the defendant Joseph Fendrick in the first action.

*Cobb, Cobb & Simpson,* for the plaintiff Joseph Fendrick in the second action.

DEYO, J. Wilfred Pakkala brought an action for personal injuries and property damage against Joseph S. Fendrick. Instead of interposing a counterclaim, Mr. Fendrick brought an independent action for the damages which he claimed he had suffered as a result of the same accident. He was represented by different attorneys

in both actions, although only one attorney appeared for him at the trial.

The actions were tried together without an order or stipulation consolidating them, and the jury disagreed. On the second trial the jury awarded Pakkala $300 in the first action and specifically returned a verdict of no cause of action in the second. Pakkala has taxed a full bill of costs in the first action. The question now presented concerns the amount of costs to be taxed in his favor in the second action.

A successful defendant in an action of this kind is entitled to costs unless the plaintiff is entitled to them. (Civ. Prac. Act, §§ 1470, 1475.) Despite the fact that the same parties were involved and the two actions were tried together they remained separate actions throughout, requiring the entry of separate and distinct judgments, and as separate cases each one carries its own bill of costs. Fendrick could have avoided this result, either by asserting his claim by way of counterclaim or by moving for a consolidation. He chose to pursue neither of these remedies and he cannot now be heard to complain because through adverse verdicts his opponent receives benefits which would have been his had he been successful. I am aware that the court in *Hamelik* v. *Sypek* (152 Misc. 799) reached a different conclusion on facts somewhat similar. However, I am not able to agree with the rationale of that decision.

Since the abortive result of the first trial was not the fault of Pakkala, he is entitled to two trial fees of thirty dollars each in each action. (*Hudson* v. *Erie R. R. Co.*, 57 App. Div. 98; *Dame* v. *Maynard*, 139 id. 385. See, also, *Browning* v. *Brokaw*, 114 id. 104; *Wheat* v. *Van Dyne Oil Co., Inc.*, 177 Misc. 272; Civ. Prac. Act, § 1504.)

However, he may tax the fifteen dollars allowed him as costs after notice and before trial, but once in each action. (*Seifter* v. *Brooklyn Heights R. R.*, 53 App. Div. 443; *Hudson* v. *Erie R. R. Co., supra; Wheat* v. *Van Dyne Oil Co., supra.*)

An order may be submitted in accordance with the foregoing.