· VAN· GELDER *v.* HALLENBECK.

(*Supreme Court, General Term, Third Department.* September 24, 1888.)

1. COSTS—WHO ENTITLED TO—SHERIFFS AND CONSTABLES—EXCESSIVE LEVY.
    A sheriff who has collected more than sufficient to satisfy an execution, and refuses to pay the balance to the judgment debtor, is liable for the increased costs prescribed by Code Civil Proc. N. Y. § 3258, in actions brought by reason of an act of a public officer, or an alleged omission by him to do an act which it was his official duty to perform.

2. SAME—INTEREST ON COSTS.
    Where plaintiff recovers judgment in one cause, and defendant in another, in the same action, and the costs adjusted are set off against each other to the extent of plaintiff's costs, which were smaller, and on appeal by defendant the judgment against him is reversed, defendant is entitled to interest on the costs adjudged to him below.

3. NEW TRIAL—MOTION—EFFECT OF MOTION FOR REARGUMENT.
    After an order for a new trial has been made, and defendant has noticed the cause for trial, proceedings of the plaintiff, on a motion for reargument, do not stand in the way of defendant's right to proceed under the order.

Appeal from special term, Saratoga county.
Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.
*James H. Van Gelder, in pro. per. James B. Olney,* for respondent.

LEARNED, P. J. 1. The small mistake as to computation of extra allowance is a matter not presented to the court, and therefore not to be considered here.

2. The items of $30 trial fee, and $25 for proceedings before and after trial, were properly allowed. As is stated by Justice MAYHAM, the proceedings of the plaintiff, on the motion for a reargument, did not stand in the way of defendant's right to avail himself of the order for a new trial. He had noticed the cause for trial, and was entitled to move it when reached; and as a new trial had been granted by the general term, defendant had a right to proceed with the cause. The cause was not discontinued, but the complaint was dismissed at the circuit.

3. Term fee, February, 1887, (1888.) The cause was on the circuit calender, and we see no reason why the amount should not be allowed.

4. There is a small item of $8.55, which arises in this way: On the trial of this action, the referee found in defendant's favor on the first cause, and in plaintiff's favor, $123.03 on the second. Defendant taxed his costs on the first cause at $128.19; plaintiff his, on the second, at $152.19. Plaintiff's costs were offset against defendant's to their extent, and judgment entered accordingly. Defendant appealed, and judgment was reversed. · Now, as the first cause was disposed of on the first trial in defendant's favor, and his costs adjusted at a definite sum, it seems right that on the final judgment that sum should carry interest; otherwise the defendant would suffer by reason of his appeal.

5. The expenses of printing papers. This is charged at what is shown to be the regular price,—the same price which the affidavits state to have been charged by the plaintiff himself in several tax-bills in litigations connected with the present action. There is no reason to think that there is fraud or collusion in the amount charged, and we think it was properly allowed.

6. The question of "double" costs. This is really not before us. The clerk

had, on the taxation, the proper certificate of the justice who tried the case, and the clerk could not disregard that. If that certificate was incorrect, it should have been corrected by motion for that purpose, not by a motion for a retaxation, because the clerk's action on the certificate was proper. But if this question were properly before us, we should think that the certificate was correct. The plaintiff claimed that, on an execution against him, the defendant had collected more than sufficient to satisfy the execution, and had neglected and refused to pay the surplus to the plaintiff, and he sued to recover such surplus; that is, the plaintiff charged the sheriff with taking from him more property than he lawfully might by virtue of his process. This, we think, comes within section 3258. The plaintiff claimed to be injured by the official act or the omission to act of the officer. *Conner* v. *Keese*, 38 Hun, 124. These are the particulars in which the plaintiff complains of the order appealed from. The order is affirmed, with $10 costs, and printing disbursements.