## RENNER *v.* MEYER.

*(City Court of New York, Special Term.* April, 1889.)

SUPPLEMENTAL PROCEEDINGS—EXAMINATION—RECORD.
　　The examination in supplemental proceedings of a judgment debtor is a record, and the judgment creditor may be required by the judgment debtor to file it for future reference.

Action by Frederick G. Renner against John Meyer. Plaintiff, having recovered a judgment, instituted supplemental proceedings. Defendant now moves to compel plaintiff to file the examination.

*Lexow & Leo,* for plaintiff.　　*William F. Browne,* for defendant.

McADAM, C. J.　Judgment creditors seem to have the notion that because they take down the examination of a debtor the examination, when reduced to writing, is their property, which they may take to their office and appropriate as they please.　This is a mistake.　The examination becomes a court record, and the debtor has sufficient interest in it to require the creditor to file it for future use or reference.　Code Civil Proc. § 825.　If in this court, the examination should be filed with the clerk thereof, (rule 2,) and the orders appointing a receiver must be filed with the county clerk, (Code Civil Proc. § 2467.)　Where the examination has been filed, it may save the debtor considerable time and trouble in case of a subsequent examination by another creditor.　There is no reason why the same ordeal should be unnecessarily repeated.　Motion to require creditor to file examination granted.　No costs. Ordered accordingly.

---

## WESSELS *v.* CARR.

*(City Court of New York, Special Term.* April, 1889.)

1. COSTS—TAXATION—TRIAL FEE.
　　Where two inquests were had on defaults in an action, which were afterwards opened in terms, plaintiff, in recovering judgment, is entitled to tax a trial fee for each inquest.
2. SAME.
　　Costs taxable after granting a new trial are not recoverable in the case of setting aside an inquest.

Motion for retaxation of costs.

In a suit by E. J. Wessels against A. Carr, defendant was in default twice. Judgments for the plaintiff were entered on inquest in each case.　The defaults were set aside on terms.　After trial on recovery of judgment for the plaintiff a trial fee of $30 was taxed for each inquest.　Defendant moved for a retaxation as to the items for proceedings after setting aside the inquest, and the trial fees for the inquest.

*Douglass & Minton,* for plaintiff.　　*William Sulzer,* for defendant.

NEHRBAS, J.　Every inquest taken in a cause is a trial, for which a trial fee may be taxed.　The sum paid for the privilege of opening the inquest is in the nature of a penalty imposed, and does not interfere with the taxation of costs to the party ultimately successful.　*Cohn* v. *Husson,* 3 How. Pr. (N. S.) 130.　But the amount taxable for proceedings after granting of a new trial can scarcely be made applicable to the case of setting aside an inquest. The clerk's taxation will, therefore, be affirmed, except as to the item of $50 for proceedings before and after granting two new trials, which item will be disallowed.