(7 Misc. Rep. 541.)

WEISS et al. v. MORRELL et al. (No. 2.)

(Common Pleas of New York City and County, General Term.   March 8, 1894.)

COSTS—TRIAL FEE—TAKING INQUEST AFTER DEFAULT
    Under Code Civ. Proc. § 3251, subd. 3, which provides for trial fee on trial of an issue of fact, plaintiff is entitled to such fee on an inquest taken after a default by defendant.

Appeal from city court, general term.

Action by Ignatz Weiss and others against Joseph B. Morrell and another for work, labor, and services in manufacturing certain materials furnished by defendants into uniforms at the agreed price of $1,856.70. The answer alleged that the work was not done in a good and workmanlike manner; that plaintiffs failed to return surplus cloth to the account of defendants to the amount of any demand by plaintiffs which might be proved on the trial. The action having been regularly reached on the calendar, defendants failed to appear. Their default was entered, and an inquest taken, and plaintiffs entered judgment. From a judgment of the city court affirming an order denying defendants' motion to set aside the judgment and affirming the clerk's adjustment of costs allowing plaintiffs a trial fee of $30 on an issue of fact, defendants appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

C. E. Souther, for appellants.

A. B. Jarvorower, for respondents.

DALY, C. J. · The contention of defendants is that plaintiffs were not entitled to $30 trial fee for their inquest, because there was no trial of an issue of fact; there being no denial in the answer, and the affirmative defense therein set up not having been tried, and a trial fee only being allowed upon the trial of an issue of fact. Code, § 3251, subd. 3. It is argued that, a plaintiff being entitled only to a verdict, decision, or judgment (Code, § 990), and these plaintiffs, not being entitled to a verdict or decision, because there was no issue tried, were not entitled to a trial fee in taking judgment. An issue of fact was presented by the pleadings upon the defendants' plea of recoupment which was to be deemed controverted by plaintiffs. Code, §§ 522, 964. This issue was disposed of by the judgment taken by the plaintiffs on defendants' default, and such judgment was conclusive against defendants' claim. Embury v. Conner, 3 N. Y. 522. An issue is tried and determined whether the party holding the affirmative appears or not, and the successful party is therefore entitled to his trial fee. A trial fee is always allowed the plaintiff upon an inquest. Hawley v. Davis, 5 Hun, 642; Wessels v. Carr (City Ct. N. Y.) 6 N. Y. Supp. ˜˜5; Pomeroy v. Hulin, 7 How. Pr. 161. A trial fee is taxable where

the complaint is dismissed on failure of plaintiff to appear.   Dodd v. Curry, 4 How. Pr. 123.   Also where the cause is discontinued while on the day calendar, although it had not been actually called. Duperey v. Phoenix, 1 Abb. N. C. 133, note.   In none of these cases was there a trial other than such as was had in this case.   The orders appealed from must be affirmed.   All concur.