BAKER v. McMULLEN et al.

(Supreme Court, Appellate Term. June 28, 1899.)

1. COSTS—RECOVERY AFTER DEFAULT VACATED.
    Under an order vacating a default judgment after inquest on condition that defendant give security and pay $10 costs to the plaintiff's attorney, plaintiff is, on recovering judgment after a trial, entitled to the costs and disbursements of two trials; an inquest being a trial.

2. SAME—ORDER VACATING DEFAULT—CONSTRUCTION.
    Where an order vacating a default judgment after inquest recited that it was made on condition of defendant giving security and paying plaintiff's attorney $10 costs, it was error to refuse to allow plaintiff, on recovering after trial, to tax the costs and disbursements of two trials, because, in making the order vacating the default, the court intended to require payment of costs of the inquest and disbursements incurred to date only, since the court was without power to amend its former order by an expression of what it intended thereby.

Appeal from city court of New York, general term.

Action by Josiah H. Baker against Alexander McMullen, impleaded, etc. From an order modifying an order granting defendant McMullen's motion to retax costs (57 N. Y. Supp. 1133), plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Ira Leo Bamberger, for appellant.
Hoffman & Hoffman, for respondent.

MacLEAN, J. In an action to recover upon a promissory note, judgment was entered after inquest had, but was subsequently opened, vacated, and set aside, upon condition that the defendant file "an undertaking in the sum of two hundred dollars as security for any judgment the plaintiff may recover herein, * * * and pay ten dollars costs to plaintiff's attorney." The action was again tried. Judgment was rendered in favor of the plaintiff, and the clerk of the court taxed, among other things, as costs, two trial fees; issues of fact, $60; fees on two trials, $4; entering two judgments, $2. Thereafter the defendant made several motions, and ultimately succeeded in obtaining an order for retaxation, which disallows one trial, one entry of judgment, and one clerk's fee, predicating the reduction upon

construction by the court of the terms of its order opening and vacating the judgment first entered.    The terms imposed by the court for favor granted were within its discretion, and, unless abused or mistakenly exercised, beyond interference.    Flannery v. James, 18 Wkly. Dig. 557.    In granting the motion for retaxation, the court recorded its construction of its former order, saying, "It was intended by me that that amount should be payment of costs of the inquest and disbursements that the plaintiff had incurred, or was entitled to, up to the date of that decision."    The terms to be imposed upon opening the default were within the discretion of the court at special term, and, if its order had provided that the plaintiff was not to have the costs and taxable disbursements of the first trial (for an inquest is a trial), the defendant would have been relieved from their payment, and they could not have been taxed by the clerk.    The defendant's counsel having failed to obtain an order containing the terms which he claims it should have had, it cannot now be amended by an expression, two years later, of what the learned justice intended, for such unexpressed intention can form no part of the action of the court.    The taxation by the clerk of the trial fee and disbursements of the first trial was correct, and should not have been stricken out.    The order of the general term of the city court should be reversed, with costs to the appellant.

Order reversed; with costs to the appellant.    All concur.