This, as he insists, would be a harsh and unjust requirement, with which I agree. No court, under the circumstances, would, in my opinion, compel it. As stated, the bank was only held to ordinary care, which required, in this instance, an inquiry as to whether the surrogate of New York county had acted, he having original jurisdiction of the funds of decedent in question. That caution, if exercised, would have revealed the appointment of plaintiff, as stated. Recognizing the authority of Stone v. Scripture, 4 Lans. 186, wherein it is held that a foreign administrator cannot discharge a mortgage upon a nonresident's property within this state, as against a domestic administrator, which I consider controlling herein, and in view of the foregoing, I think the judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs.

---

(35 Misc. Rep. 199.)

### FRIEDHEIM v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term. May, 1901.)

TAXATION OF COSTS.
     Where the jury disagreed, and on the second trial plaintiff recovers, she is entitled to tax two items for costs after notice of trial.

Appeal from special term.

Action by Bertha Friedheim against the Metropolitan Street-Railway Company. From an order retaxing costs after judgment for plaintiff, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and DELEHANTY, JJ.

Henry A. Robinson (John T. Little and Henry M. Lummis, of counsel), for appellant.

Moses Feltenstein, for respondent.

SCHUCHMAN, J. This action was brought to recover damages for personal injuries, and at the first trial the jury disagreed. The case was subsequently retried, and resulted in a verdict in favor of the plaintiff. The bill of costs was taxed by the clerk, and included two items, amounting to $30 ($15 each), "for costs after notice of trial." The clerk allowed only one item of $15. To this the plaintiff excepted, and moved at special term for a retaxation, where an order was made allowing the two items of $15 each to be taxed, and that order is appealed from. The appellant relies upon the case of Seifter v. Railroad Co., 53 App. Div. 443, 65 N. Y. Supp. 1123, in which the appellate division of the Second department held that, under such circumstances, only one item should be taxed, while the respondent relies upon the case of Gilroy v. Badger, 28 Misc. Rep. 143, 58 N. Y. Supp. 1106, where the appellate term of the supreme court in the First department held that the two items should be allowed. Under these conflicting decisions, it seems to me that the only proper thing to do would be to affirm the order appealed from,

and let the appellate term determine the conflict. Order appealed from affirmed, with $10 costs and disbursements. All concur.

Order affirmed, with $10 costs.