(40 Misc. Rep. 184.)

### BLOCH v. LINSLEY et al.

(Supreme Court, Appellate Term. March, 1903.)

1. Costs—New Trial.
    Plaintiff on the first trial of the case withdrew a juror, and had the case restored to the day calendar for trial at the subsequent term. On the second trial she recovered a verdict. *Held*, that she was not entitled to tax $25 for all proceedings after the granting of and before the new trial, on the theory that a new trial had been had "pursuant to an order granting the same" (Code Civ. Proc. § 3251, subd. 3, par. 10), as the order restoring the case to the day calendar cannot be deemed an order for a new trial.

Appeal from City Court of New York, General Term.

Action by Sallie Bloch against Charles A. Linsley and others. Verdict for plaintiff. From an order of the General Term affirming an order denying a motion for a new taxation of costs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Lyman A. Spalding, for appellant.
Ira Leo Bamberger, for respondents.

GILDERSLEEVE, J. The action came on twice for trial. On the first trial the plaintiff withdrew a juror. On the second trial the plaintiff obtained a verdict. On the taxation of costs the sum of $25 was allowed "after the granting of and before the new trial." The defendants, on motion for a new taxation, insisted that this item should be disallowed. The Code, § 3251, subd. 3, provides that: "Where a new trial is had, pursuant to an order granting the same, * * * for all proceedings after the granting of, and before the new trial, * * * twenty-five dollars." We think the taxation of the $25 was erroneous. It is true that, in view of the authorities, it must be held that, when a trial has been duly commenced, and the court has allowed the withdrawal of a juror and the discontinuance of the trial, it is a trial, within the meaning of the Code, for the purpose of taxing a trial fee to the party finally successful. In the case at bar the juror was withdrawn at the instance of the plaintiff, who, upon succeeding at the second trial, procured the taxation of $25 costs, upon the theory that a new trial, pursuant to an order granting the same, had been had, within the meaning of the tenth paragraph of subdivision 3 of section 3251 of the Code of Civil Procedure, above quoted. It is only after the trial of an action that an order may be made granting a new trial, so as to entitle the successful party to tax the item of $25 costs here under consideration. The only order here made subsequent to the withdrawal of a juror was an order restoring the cause to the day calendar for trial at a subsequent term. Such an order cannot properly be characterized as an order for a new trial. There was no order granting a new trial, and for this reason the item of $25 costs after the granting of and before the new trial was improperly taxed. The order of the court below is reversed, with $10 costs and disbursements, and the motion to disallow the item of $25 for proceedings after the granting of and before the new trial is granted, with $10 costs.

Order reversed, with $10 costs and disbursements, and motion for a new trial granted, with $10 costs. All concur.