ENGBERMAN v. NORTH GERMAN LLOYD S. S. CO.

(Supreme Court, Appellate Term.   June 30, 1903.)

1. Costs—Dismissal of Complaint—Reinstatement of Action—Plaintiff's Trial Fee—Double Fee.

Code Civ. Proc. § 3228, provides that in an action where the complaint demands judgment for a sum of money only, other than certain enumerated actions, plaintiff is entitled to costs on final judgment in his favor; and by section 3229 the defendant is entitled to costs where the plaintiff is not. *Held*, that where, on plaintiff's failure to appear when the cause was called for trial, the complaint was dismissed on defendant's motion, and subsequently restored to the calendar on defendant's consent, and plaintiff succeeded in a trial on the merits, the taxation of two trial fees in favor of plaintiff was not authorized.

Appeal from City Court of New York, Special Term.

Action by Taube Engberman against the North German Lloyd Steamship Company. Appeal by defendant from an order denying defendant's motion for a retaxation of costs. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Shipman, Laroque & Choate (Henry B. Pogson, of counsel), for appellant.

Samuel Rosenberg (Henry Kuntz and Edward A. Brown, of counsel), for respondent.

FREEDMAN, P. J. Upon plaintiff's failure to appear when the cause was regularly reached in its order upon the calendar and called for trial, the complaint, on defendant's motion, was dismissed. Having been restored to the calendar upon defendant's consent without the imposition of terms, the cause was tried upon the merits, and upon such trial the plaintiff succeeded. Upon the taxation of costs two trial fees were allowed to the plaintiff. The defendant moved for a retaxation, which was denied. From the order denying such motion the present appeal is taken. The order cannot be sustained. True, there are a number of cases in which it was held that, where the plaintiff failed to appear at the trial when the cause was regularly reached and called on the calendar, and the defendant took a dismissal of the complaint, it was a trial for which the defendant could tax a trial fee. Dodd v. Curry, 4 How. Prac. 123; Mora v. The Great Western Insurance Co., 10 Bosw. 622; Van Gelder v. Hallenbeck (Sup.) 2 N. Y. Supp. 252. In Weiss v. Morrell, 7 Misc. Rep. 541, 28 N. Y. Supp. 61, it was held that an issue is tried and determined whether the party holding the affirmative appears or not, and the successful party is entitled to a trial fee in either event. So in Cole v. Lowery (Com. Pl.) 23 N. Y. Supp. 674, it was held that, where a cause is called regularly for trial at a trial term, and the complaint is dismissed for failure of plaintiff to appear, and the default is afterwards opened without terms, and thereupon a trial had, which results in a dismissal of the complaint, the defendant, having been twice successful, is entitled to two trial fees. And in Rogers v. Degen, 10 Abb. Prac. 314, it was held that the same rule applies

where plaintiff's default is taken and the complaint dismissed at a term for the trial of issues of law. But none of these cases sanctions an attempt on the part of a plaintiff to tax a trial fee for his own default, and the plaintiff in the case at bar does not bring her case within the reason of these decisions. Ever since the time of Puffendorf, if not long before, it has been conceded that that which helps us most in the discovery of the true meaning of the law, is the reason of it. He illustrated it thus:

"Another instance of a case which may be decided from the reason of the law: The law is that those who, in a storm forsake the ship, shall lose all; and the ship and the lading shall be theirs that stay in it. But in a very dismal tempest all forsake the ship except one sick man, who is not able to get out and escape. The ship by chance comes safe to port. The sick man seizes it as his. The owner puts in his plea against him. Now, the reason of the law was that those who had exposed their lives to save the ship should have some encouragement; but this the sick man cannot pretend, who neither stayed in the ship on that account nor contributed anything to the saving of it." Puffendorf, B. 5, c. 12, pp. 307, 308.

Now, what was the reasons for these decisions? Evidently to indemnify the defendant for the trouble and expense of getting ready and standing ready to meet the plaintiff upon the issue to be tried and procuring a disposition of it. Under section 3228, Code Civ. Proc., the successful party only is entitled to costs, and under section 3229 the defendant is entitled if the plaintiff is not. On the dismissal of the complaint the plaintiff is never entitled to costs, as he is not the prevailing party. Both plaintiff and defendant cannot be entitled to the same costs at the same time. The fact that the plaintiff was ultimately successful did not entitle her to tax costs for the dismissal of her complaint, based upon her own default.

The case here is vastly different from those cases where an appeal is taken, and a reversal and new trial secured. In such cases costs are regulated by an entirely separate section of the Code. Code Civ. Proc. § 3238. There, if the ultimately successful party has failed at any time, his failure was due not to any fault of his own, but to some error committed at the trial against his protest and to his prejudice. A new trial is given him as a matter of right, and, if he finally succeeds, it is reasonable that his opponent should pay costs of a trial at which the ultimately successful party was prevented by some error not his own from succeeding. In the case at bar the ultimately successful party (the plaintiff) is herself solely at fault for her previous lack of success. The case is restored to the calendar merely as a matter of favor, and she should not be allowed, even if ultimately succeeding, to profit by her own fault. No case can be found in the books where this has been allowed.

The case of Baker v. McMullen, 28 Misc. Rep. 128, 58 N. Y. Supp. 1086, is distinguishable in that plaintiff, who was permitted to tax two trial fees, prevailed on both occasions—once because he took an inquest on defendant's default, and again when he secured a verdict. And the following named cases are also distinguishable for the same reason: Lennon v. MacIntosh, 19 Abb. N. C. 175; Bowe v. Brown, 26 Wkly. Dig. 47; Candee v. Jones, 13 Civ. Proc. R. 160; Wessels v. Carr, 22 Abb. N. C. 464, 6 N. Y. Supp. 535; Hoffman Brewing

Co. v. Volpe, 4 Misc. Rep. 260, 23 N. Y. Supp. 812; Mott v. Consumer's Ice Co., 8 Daly, 244. The case of Lafond v. Jetzkowitz, 17 Abb. N. C. 87, is distinguishable in that on first trial neither party prevailed, and the jury disagreed, and on second trial plaintiff, who was permitted to tax two trial fees, recovered. The following named cases are also distinguishable for the same reasons: Friedheim v. Met. St. Ry. Co., 35 Misc. Rep. 199, 71 N. Y. Supp. 485; Hamilton v. Butler, 19 Abb. Pr. 446; Spring v. Day, 44 How. Prac. 390; Cregin v. Brooklyn Crosstown R. R. Co., 19 Hun, 349; Ellsworth v. Gooding, 8 How. Prac. 1; Zelmanovitz v. Manhattan Ry. Co. (Com. Pl.) 33 N. Y. Supp. 583. The case of Gilroy v. Badger, 28 Misc. Rep. 143, 58 N. Y. Supp. 1106, is not in point. In that case the defendant was permitted to tax two trial fees because he prevailed on both occasions—once because plaintiff failed to try his case as a short cause within the hour, and again when plaintiff's complaint was dismissed. The trial fee for an abortive trial or mistrial is allowed to the ultimately successful party because he has practically the same trouble, preparation, and expense, for which he deserves to be compensated, as on a final disposition of the issues. This rule as to abortive trials has been extended to a case where, in order to overcome an objection of the defendant and as a favor to the plaintiff the withdrawal of a juror was permitted, and the plaintiff succeeded upon a subsequent trial. Bloch v. Lindsley (decided by this court in March, 1903), 81 N. Y. Supp. 661. But the rule should not be further extended, especially as the reason of it does not apply here, because the plaintiff did not even attend on the occasion when her complaint was dismissed.

The order appealed from should be reversed, with costs, and defendant's motion for retaxation granted, with $10 costs. All concur; MacLEAN, J., in result.