EVERETT MONIZ et al., Doing Business as MONIZ AND JEANNETTI, Plaintiffs, *v.* NATIONAL CONSTRUCTORS, INC., Defendant.

Supreme Court, Special Term, Kings County, April 15, 1952.

*Harris Birnbaum* for plaintiffs.

*Julius Zizmor* for defendant.

BROWN, J. Plaintiffs seek to review and reduce the costs which were taxed against them in this action. Pending the original trial and the ultimate judgment for defendant on a later trial the Legislature amended the law regulating the amount of recoverable costs in an action, substantially increasing them. Plaintiffs took the position that costs should be taxed at the amount in effect when their action was begun. They have, however, since conceded that they were wrong in that respect and have withdrawn that objection, leaving in dispute the question only of whether the successful defendant is entitled to tax three trial fees or only two — a difference of $75. The papers disclose that plaintiffs were successful on the first trial but, on appeal, the judgment was reversed and the matter was sent back for retrial. When it again came up for trial plaintiffs, evidently, were not ready and sought an adjournment which was denied. Plaintiffs, being unable or unwilling to proceed, defaulted, whereupon judgment was given against them dismissing their complaint and an inquest was taken on defendant's counterclaim. Plaintiffs appealed from an order denying a motion made by them to open their default and vacate the judgment so taken. They were successful on such appeal. When

the matter again came to trial a judgment was rendered in favor of the defendant.

In taxing its costs defendant sought and was allowed three trial fees. The court finds that such allowance was proper. As was pointed out in *Roberson* v. *Rochester Folding Box Co.* (68 App. Div. 528, 530): " While the language of this subdivision does not provide for a trial fee for each trial, yet the cases seem to be uniform in holding that for every trial, whatever may be the cause which induced it, except possibly the fault of the party seeking costs, a trial fee is allowed. This rule prevails even though the trial is an inquest (*Candee* v. *Jones,* 13 Civ. Pro. Rep. 160; *Wessels* v. *Carr,* 6 N. Y. Supp. 535), or a default taken at a Trial Term (*Lennon* v. *McIntosh,* 19 Abb. N. C. 175), or where the case is dismissed where the case is regularly called and the plaintiff fails to appear (*Van Gelder* v. *Hallenbeck,* 18 N. Y. St. Repr. 19), and even if the jury were discharged after the evidence by reason of the misconduct of a juror. (*Hamilton* v. *Butler,* 30 How. Pr. 36.)   When costs are fixed by statute there is no discretion in the court to alter the amount of any item from the statutory rate. (*Downing* v. *Marshall,* 37 N. Y. 380.)" (See, also, *Cole* v. *Lowery,* 23 N. Y. S. 674; *Wessels* v. *Carr,* 22 Abb. N. C. 464; *Weiss* v. *Morrell,* 7 Misc. 541; *Wandell* v. *Hirshfeld,* 40 Misc. 527, and Civ. Prac. Act, § 1504-a, subd. 3.)

The language " without costs " in the Appellate Division reversal (*Moniz* v. *National Constructors,* 279 App. Div. 797) does not warrant the construction given it by plaintiffs, such reference being to motion costs.

The motion to retax is therefore denied.