Agricultural Insurance Co. agt. Bean.

## SUPREME COURT.

Agricultural Insurance Company agt. William A. Bean.

*Readjustment of costs ordered* for reasons contained in fourteen different statements, which contain the only proper *syllabus* to the case, as any abbreviation of them would not present all the points decided.

*Chenango Special Term, August* 26, 1873.
*Before* Ransom Balcom, *J.*

Motion by plaintiff for a readjustment of defendant's costs.

The action had been on the Cortland circuit court calendar several times. It had been once tried, when only twenty odd witnesses were sworn on the part of the defendant; and the jury did not agree. It was noticed for trial, and on the April Cortland circuit calendar in 1873, when the plaintiff discontinued it.

The clerk taxed fees of eighty-four witnesses for defendant, who had never been sworn in the cause; and among them were three attorneys, who resided at the place where the court was held. The clerk also taxed witness fees for himself, although he was not sworn. The fees of witnesses allowed the defendant amounted to nearly $800.

The clerk refused to adjourn the adjustment of the costs, so the plaintiff's attorney could procure the affidavits of the alleged witnesses who were not sworn, to show that many of them were not material or necessary, or had not been subpœnaed or paid their fees, or other facts to establish that their fees should not be allowed in favor of the defendant.

O. N. Kellog, *for plaintiff.*
W. H. Warren, *for defendant.*

BALCOM, *J.*—This motion is granted, and the clerk is directed to readjust defendant's costs, on the proper notice to plaintiff's attorney, for the following reasons, viz.:

1. The clerk should have adjourned the adjustment of the costs a reasonable time, when the adjournment was asked for in good faith and on just grounds by plaintiff's attorney. 2. The trial fee of thirty dollars for the April circuit, 1873, should have been disallowed. 3. Witness fees should not have been allowed for the attendance of the county clerk, as a witness for defendant, under the circumstances. He was not paid or sworn as a witness, did not produce any paper or document for defendant, and attended each circuit in the capacity of clerk thereof. 4. The affidavits on the part of defendant, as to his witnesses and their attendance, were insufficient to justify the clerk in allowing fees for all, if for any of the alleged witnesses who were not sworn. 5. An attorney, though not employed in the case, is not entitled to fees as a witness, if subpœnaed, unless it be shown that he attends the court as a witness and not as an attorney, unless he is sworn; and in that case he is entitled to fees for the day he is sworn, even if he has not been subpœnaed. 6. For all witnesses, not sworn, the proof must be that they were deemed absolutely material and necessary, and the facts also shown that the defendant expected to prove and believed he could prove by them. The clerk should see that they must have been subpœnaed, or their attendance procured, in good faith, and been considered material and necessary; and that no prudent counsel would have consented to try the cause without their attendance if they could be procured. 7. The proof must also show that it was necessary for the witnesses to travel, and did in fact travel by the usually traveled routes the distances charged for them, as such witnesses, before the clerk should allow such charges. 8. The defendant should more fully explain why his witnesses, if material and necessary, were not sworn when the cause was tried. The explanation given was insufficient. 9. The clerk should disallow

Agricultural Insurance Co. agt. Bean.

all charges for witnesses that he shall be satisfied, from the circumstances, were unnecessarily subpœnaed or unnecessarily requested to attend, or were procured with the view of increasing the costs on the part of the defendant.    10. If witnesses are not paid fees in advance or daily, or their expenses of attendance (if not given fees) are not paid or provided for by the party as they are incurred, it is a strong circumstance against the allowance of their fees.    11. If witnesses reside in the place where the court is held, and do not attend as such in the court-house, and only come in when wanted or when the case is tried, they are not entitled to fees for any day they do not actually attend in the court-house as witnesses in the case.    12. The payment of fees to witnesses by a party, after a case is disposed of in his favor, when he is not legally liable to pay them, does not entitle him to have such fees allowed him as part of his costs in the case.    13.    If a person be not sworn as a witness in a case when it is tried, the presumption is that he was not necessary or material as a witness for the party charging fees for him. 14. Subpœnaing persons to impeach a supposed adverse witness is not justifiable, without sufficient grounds for believing that he will attend the court and be sworn when he is not sworn or does not attend.    Nor is subpœnaing persons who are not sworn, upon a claim that they are wanted to impeach an adverse witness, justifiable unless it is shown that such persons would have impeached such adverse witness if they had been sworn.    Merely swearing that they were subpœnaed for such a purpose is insufficient.

On the readjustment of defendant's costs in this case, the affidavits and papers presented on this motion, and other affidavits and papers, may be used before the clerk.

No costs of this motion are allowed to either party.