McAdam, J.
The order from directed the clerk to retax the plaintiff’s costs, and to strike therefrom an item of 25 cents charged for “satisfaction piece” and $1.50 for sheriff’s term fees. It reduced the fee for filing note of issue from $3.50 to $3, and reduced the charge for witnesses’ fees from $42 to $13.
The Code, § 3256, provides that “A party to whom costs are awarded in an action, is entitled to include, in his bill of costs, his necessary disbursements, as follows: The legal fees of witnesses, and of referees and other officers,” etc. Disbursements incurred are not always allowable against the opposite party, for the Code limits those taxable to necessary disbursements; and the word “necessary” has given rise to a number of judicial opinions construing its meaning.
It appears that the cause was on the equity calendar of the October term, at which the action was first called for trial; that the proper parties plaintiff were not then before the court, and for this reason the cause went over the term. The court disallowed the fees for witnesses summoned for that term, upon the ground that the fees paid were not necessary disbursements. In Delcomyn v. Chamberlain, 48 How. Pr. at p. 411, the court held that a necessary disbursement “is such as a party is compelled to make or incur, incident to the regular proceedings in the action, and to bring it to trial according to the course and practice of the court.” The plaintiff was not compelled to summon witnesses at a term for which he should have known that his cause was not ready' for trial; and for this reason the ruling in regard to the witnesses’ fees for October was properly made. See also Pike v. Nash, 16 How. Pr. 53.
In the plaintiff’s bill of costs twenty-two witnesses were named, and twenty-one charged for. At the term when the cause was tried only eight witnesses were called. In Haynes v. Mosher, 15 How. Pr. 216, cited with approval in Mark v. Buffalo, 87 N. Y. 189, the court said : “It was shown in this case in opposition to the allowance for witnesses’ fees, that a large number of the witnesses were not shówn upon the trial. This fact furnishes presumptive evidence that the witnesses were not necessary. Before the defendant could be allowed for the travel and attendance of such witnesses, it was incumbent upon him to overcome this pre *36 sumption, by showing how it happened, if they were material and necessary witness for him, that he was able to dispense with their testimony on the trial.”
In Robitzek v. Hect, 3 Civ. Pro. R., 156, this court held that, where it appeared that witnesses were not called at the trial, proof should have been presented of what was expected to be proved by them, and why they were not called." No such proof was furnished and the ruling made below was correct.
It also appears that the cause was in 1891 transferred, from the equity to the jury calendar on defendant’s motion under the amendent to the Code passed in that year (L. 1891, Ch. 208), whereby the calendar fee was increased by fifty cents, and three sheriff’s term fees had accrued. On the rendition of the judgment by the court of appeals in Shepard v. Man. R. Co., 131 N. Y. 215; 43 St. Rep. 117, holding that the act under which the transfer was made was unconstitutional, the cause was returned to the equity calendar, upon which it was tried. It is ¿laimed that these expenditures having been made necessary by the legislative act in question, were necessary disbursements, because the plaintiff was obliged to pay them under color of legislative authority. But the statute was declared unconstitutional. It is therefore as if it had never been. Rights cannot be built up under it; contracts which depend upon it for their consideration are void and it constitutes no protection to any one who has acted under it. Cooley’s Con. Lim. 2d Ed. 188. There is therefore no warrant under which money paid under such an act by one party without the request of the other nor for his benefit can be recovered from him. A void act creates neither duties nor obligations. It is familiar law, that a void thing is no thing, and that there is no remedy for a mistake of law. Ignorantia juris non excusat. It follows that the order appealed from must be affirmed with costs.
Sedgwick C. J., and Freedman, J., concur.