(7 App. Div. 139)
EVANS v. SILBERMANN et al.

(Supreme Court, Appellate Division, First Department.    June 29, 1896.)

1. APPEAL—PAPERS INCLUDED IN CASE—AFFIDAVIT ON TAXATION OF COSTS.
    An affidavit submitted to the clerk on the taxation of costs, and returned
    by him on the ground that it would not be necessary for him to base his
    decision thereon, should be considered on a motion at special term for a
    retaxation of costs, though the affidavit was not filed, and therefore
    should be included in the case on appeal from an order denying the re-
    taxation, but affidavits made after the taxation should be excluded.
2. SAME—REFUSAL TO INCLUDE PROPER PAPERS—REMEDY.
    Where the trial court, in settling the case on appeal, improperly strikes
    out papers which should be included, appellant may nevertheless print
    them, in order that the appellate court may decide whether they should
    have been included.
3. COSTS—DRAWING INTERROGATORIES.
    Under Code Civ. Proc. § 3251, allowing a certain sum for "drawing in-
    terrogatories," a party is entitled to such sum, where the interrogatories
    were drawn, though they were not filed.
4. SAME—TERM FEES.
    Where plaintiff was permitted to discontinue his action on payment of
    taxable costs, and the term, at the time of the discontinuance, was the
    first at which the cause had been on the calendar, no term fee is allowa-
    ble.

Appeal from special term, New York county.

Action by William L. Evans against Paulina Silbermann and oth-
ers, and seven other actions. From an order striking out certain
portions of plaintiff's case on appeal, and from an order denying a
motion for retaxation of costs, and amending the certification of
the county clerk, plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, PATTER-
SON, O'BRIEN, and INGRAHAM, JJ.

Nelson Shipman, for appellant.

Edward W. S. Johnston, for respondents.

PER CURIAM.    By order made January 30, 1896, the plaintiff
was permitted to discontinue the above actions upon payment of tax-
able costs.    The costs were taxed on February 4, 1896, and, against
the plaintiff's contention, the clerk allowed items of $10 in 10 of
the bills for drawing interrogatories, and items of $10 for term
fees in all of the bills.    On the taxation, plaintiff submitted an affi-
davit of Joseph Larocque, Jr., made February 3, 1896, showing that
the only notices of trial were for the January term, and that the
interrogatories were drawn, but had never been served.    The clerk
examined it, said it would not be necessary for him to base his de-
cision thereon, and returned it after the taxation.    The same day
the plaintiff moved for a retaxation, upon, among other papers, the
affidavit of February 3d, and another affidavit of Larocque, made
February 4th, showing that the previous affidavit had been pre-
sented to the clerk on the taxation.    An order was made February
7th, denying the motion, which recited the reading and filing of
Larocque's two affidavits, and affidavits of Edward W. S. Johnston
and William H. Stockwell.    Plaintiff then moved to resettle this

order by striking out the recital of the reading and filing of the affidavits of Johnston and Stockwell. By order made February 27th, not only this recital, but also that as to the consideration of the two affidavits of Larocque, was stricken out. From the order denying the motion for retaxation, and the order of resettlement, the plaintiff appealed. In making up the case on appeal, he included the affidavits, the recitals as to which had been stricken out. Motion was made to strike them out and amend the certification, which was granted, and the plaintiff appeals.

1. Only the papers used before the taxing officer can properly be considered upon a motion to correct his decision. Sherry v. Cary, 13 Civ. Proc. R. 256; Paper Co. v. O'Brien, 18 Wkly. Dig. 209; Logan v. Thomas, 11 How. Prac. 160. Larocque's affidavit of February 3d would seem to have been before the clerk in such a manner as to render proper its consideration at special term. It was not filed, but it was presented and considered; the clerk deciding that, in spite of the undisputed facts therein set forth, he should have to allow the items in question. The true gist of the rule seems to be that the clerk shall not be held in error on account of the existence of facts which were not made to appear until after the taxation. But when a proper, sworn statement is presented to him, there seems to be no reason necessitating that it be filed. Hence the motion for resettlement should have been granted in the form made.

2. It was proper, however, to strike out the affidavits of Johnston and Stockwell, which were not made until after the taxation. This was the object of the motion to resettle, and the special term should have stopped there.

3. Of course, the plaintiff was not remediless because the special term improperly struck out and refused to consider papers properly before it. He had a right to print them, that the appellate court might decide whether or not the judge below was right in refusing to consider them. There seems to have been no necessity, however, for printing the affidavits of Johnston and Stockwell. Striking them out did not prejudice the plaintiff, and none of the defendants complained.

The result is that not only was it improper for the judge at special term, in any event, to refuse to allow the case on appeal to contain the affidavits of Larocque, but also that such affidavits were in fact properly before the judge, and to be considered. The order appealed from should be reversed, so far as to permit their insertion, without costs.

There seems to be no reason why this court should not go further, and decide the merits of the order denying the motion for a retaxation. The record contains, in full, all the papers affecting the appeal first taken, which was from this order, and that resettling it, as above described. After deciding that Larocque's affidavits were to be considered, why should not the record, thus settled and established, be examined? It seems that the items for interrogatories were properly allowed. Section 3251 of the Code allows the sum specified for "drawing interrogatories." This is in contrast

with other portions of the section, such as the allowance for "making and serving a case," etc., and it seems plain that simply drawing the interrogatories is sufficient. On the other hand, the term fees ought not to have been allowed. The order of discontinuance was made January 30, 1896. It was the costs then taxable that the court decreed should be paid, and no fee for that term was allowable, as it was the first at which the case had been upon the calendar.

The order amending the certification of the county clerk should be modified so as to permit the insertion of Larocque's affidavits, without costs; the order resettling the order denying a retaxation should be reversed, and the motion granted as made, with costs; and the order denying the retaxation should be modified as above indicated, without costs.