upon equitable principles. The appellants stand here upon their legal rights to liens under the statute, and the only question is whether there was a consent or request by the owner,—whether the trial court properly held that no such consent or request existed.

We think the court was in error in making the finding that there was no consent or request, and that for this error the judgment should be reversed and a new trial ordered, with costs to each appellant to abide event. All concur.

---

(57 App. Div. 98.)

## HUDSON v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. January 11, 1901.)

1. COSTS BEFORE TRIAL.
> Under Code Civ. Proc. § 3251, which provides that $15 costs shall be awarded for all proceedings after notice and before trial, the rejection by the trial court's clerk of all costs exceeding $15 was proper, notwithstanding the fact that there had been two previous trials.

2. SAME—EXTRA TIME—PREVIOUS TRIALS.
> Under Code Civ. Proc. § 3251, allowing $30 for the trial of an issue of fact, and $10 in addition thereto where the trial necessarily occupies more than two days, it was error to refuse to allow plaintiff $30 for extra time, where this and two previous mistrials had each occupied more than two days.

3. SAME—NEW TRIAL.
> Under Code Civ. Proc. § 3251, subd. 3, fixing the taxation of costs where a new trial is had, plaintiff was entitled to $25 for all proceedings after the granting of and before a new trial, where the jury rendered a verdict for him, which was set aside by the trial court.

4. SAME—PREVIOUS TRIAL—JURY FEE.
> Plaintiff was entitled to tax as costs against defendant $3 paid by him to a jury on the first trial, which had ended in a disagreement, since Code Civ. Proc. § 3313, provides that a juror is entitled to his fees in each case in which he is impaneled.

5. SAME—STENOGRAPHER'S MINUTES.
> The expense of procuring the stenographer's minutes of a trial for use on a subsequent trial of the same case was not a proper disbursement to be taxed as costs in favor of plaintiff.

6. SAME—SHERIFF'S FEES.
> Under Code Civ. Proc. § 3307, subd. 4, limiting the sheriff's calendar fees to $1.50, the clerk of the trial court properly reduced to that sum a greater amount claimed by plaintiff as disbursements.

7. SAME—PREVIOUS TRIAL—WITNESS FEES.
> Where plaintiff's complaint was dismissed because of his default, which was afterwards opened on payment to defendant of costs of the term and of the motion, the plaintiff, on securing judgment, could tax as a disbursement the witness fees for that term.

Appeal from special term, Kings county.

Action by George C. Hudson against the Erie Railroad Company. From an order denying motion to retax costs, plaintiff appeals. Modified.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and JENKS, JJ.

Jonathan Deyo, for appellant.
Henry Bacon, for respondent.

HIRSCHBERG, J. The case was tried in Orange county in June, 1898, and the trial resulted in a disagreement of the jury. It was re-tried in June, 1899, and a verdict rendered in favor of the plaintiff, which verdict the court set aside for misconduct of the jury, ordering "that the action be replaced upon the calendar of this court, and to be tried as though no verdict had been rendered." In November, 1899, the complaint was dismissed at the circuit because of plaintiff's default, which was afterwards opened upon payment by plaintiff to defendant of costs of the term and of the motion. In April, 1900, the case was again tried, and the trial resulted in a verdict for the plaintiff. The county clerk, on retaxation of plaintiff's costs, struck out various items from the bill, and the special term refused to require him to restore any of them. Seven items are in dispute.

1. The sum of $45 was taxed for costs after notice of trial, and the clerk rejected $30 of this sum. Under the provisions of the Code of Civil Procedure, $15 only could be taxed for all proceedings after notice and before trial. Seifter v. Railroad Co., 53 App. Div. 443, 65 N. Y. Supp. 1123.

2. Each of the three trials occupied more than two days, and the plaintiff had taxed $30 for the extra time. Of this sum the clerk disallowed $20. This was error. Subdivision 3 of section 3251 of the Code of Civil Procedure allows, "for the trial of an issue of fact, thirty dollars; and where the trial necessarily occupies more than two days, ten dollars in addition thereto." It is settled that this item, so far as the $30 is concerned, may be taxed for every abortive trial, as where the jury disagrees, and, indeed, $90 is taxed for the three trials in this case without objection on the part of the defendant. The same right exists to the $10 as to the $30, and, if the latter item is properly taxed three times, the former should also be so taxed. The trial fee is $30 for each trial conducted within the period of two days, and $40 for each trial which necessarily lasts longer.

3. The plaintiff had taxed $25 for all proceedings after the granting of, and before, the new trial, and this item the clerk disallowed. The plaintiff is entitled to it. The language of subdivision 3, supra, is: "Where a new trial is had, pursuant to an order granting the same, for all proceedings after the granting of, and before the new trial, twenty-five dollars." When the jury rendered a verdict at the June term, in 1899, the trial, as such, was completed. Nothing then remained to be done but to enter judgment. The action of the court in subsequently setting the verdict aside not only necessarily involved the granting of a new trial, but, by the express terms of the order, a new trial was directed. Such new trial was thereafter had pursuant to an order granting the same.

4. The jury fees ($3) paid by the plaintiff to the first jury has been disallowed because of the disagreement. This item, having been actually paid, is a proper disbursement, and should be restored. A juror is entitled to his fees in "each cause in which he is impaneled." Code Civ. Proc. § 3313.

5. The clerk disallowed the sum of $152 paid by the plaintiff for stenographer's fees. There are decisions to the effect that the ex-

pense of procuring the stenographer's minutes of a trial for use upon a subsequent trial may properly be taxed as a disbursement, but the better opinion would seem to be to the contrary. Hamilton v. Butler, 30 How. Prac. 36; Extracting Co. v. Pfandler, 39 Hun, 191; Same v. Sargent, 43 Hun, 154; Whitney v. Roe, 75 Hun, 508, 27 N. Y. Supp. 511; Shaver v. Eldred, 86 Hun, 51, 33 N. Y. Supp. 158; Society v. Hughes, 125 N. Y. 106–111, 26 N. E. 1. In 1892, by chapter 185 of the Laws of that year, the legislature amended section 3256 of the Code of Civil Procedure so as to make the expense of procuring stenographer's minutes a taxable disbursement, but the law was repealed, before it took effect, by chapter 592 of the Laws of 1892.

6. By subdivision 4 of section 3307 of the Code of Civil Procedure, the sheriff's calendar fees are limited to the sum of $1.50, and the clerk was justified in reducing the amount taxed to that sum.

7. The plaintiff, being ultimately awarded the right to costs, may tax as a disbursement the witness fees for the November term in 1899, notwithstanding the fact that he was obliged to pay terms to the defendant for opening the default then taken. The terms imposed by the court for the favor granted, and which have been fully complied with, should measure and limit the extent of the plaintiff's obligation in that regard.

The order appealed from should be so far modified as to require the clerk of Orange county to readjust the plaintiff's costs in accordance with this opinion, and as so modified the order should be affirmed, without costs of this appeal to either party. All concur.