(35 Misc. Rep. 272.)

BROWNING v. GOLDMAN et al.

(Supreme Court, Appellate Term.  June, 1901.)

COSTS—TRIAL FEE.

That a juror is withdrawn during the progress of the trial does not affect the rights of the successful party to a taxation of trial fee.

Appeal from city court of New York, general term.

Action by Therese D. Browning against Aaron Goldman and others.  From an order of the general term affirming an order denying plaintiff's motion for retaxation of costs, he appeals.  Reversed.

The following is the opinion of the court below (HASCALL, J.):

The leave granted, at what appellant calls the second trial, was for defendants to have opportunity to apply to the special term.  For this plaintiff was given and received $10 term costs.  The court at trial term did not judicially examine the issues on the facts, and those arising on the pleadings were sent to special term to be changed or corrected, if proper, on motion therefor.  At least, that is what we gather from the meager record submitted; and hence this was not a trial within the meaning of the authorities defining just what shall be considered such.  Just how "the judge sitting at special term promptly set aside the verdict," neither the papers submitted nor counsel have explained.  The taxation of but two trial fees was very evidently quite correct, and the order appealed from should be affirmed, with costs and disbursements.  Order affirmed, with costs.

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

C. E. Thornall, for appellant.

J. A. Seidman, for respondents.

PER CURIAM.  This case has been tried three times.  Upon the first trial a verdict in favor of the plaintiff was rendered, and, upon his motion, was set aside on the ground of insufficient damages.  Upon the second trial a juror was withdrawn at defendants' request, to enable them to apply at special term for leave to amend the answer.  The third trial resulted in a verdict for plaintiff for the full amount.  The clerk taxed only two trial fees, issues of fact.  A motion for a retaxation was denied, and upon appeal to the general term of the city court from the order entered upon this decision the said order was affirmed.  This was error.  It has been frequently held that the withdrawal of a juror in the progress of a trial did not affect the right of the successful party to the taxation of costs.  Gilroy v. Badger, 28 Misc. Rep. 144, 58 N. Y. Supp. 1106; Hudson v. Railroad Co., 57 App. Div. 99, 68 N. Y. Supp. 28.  The order appealed from reversed, with costs and disbursements, and retaxation ordered.

Order reversed, with costs, and retaxation ordered.