Lyman A. Spalding, for appellant.
Ira Leo Bamberger, for respondents.

GILDERSLEEVE, J. The action came on twice for trial. On the first trial the plaintiff withdrew a juror. On the second trial the plaintiff obtained a verdict. On the taxation of costs the sum of $25 was allowed "after the granting of and before the new trial." The defendants, on motion for a new taxation, insisted that this item should be disallowed. The Code, § 3251, subd. 3, provides that: "Where a new trial is had, pursuant to an order granting the same, * * * for all proceedings after the granting of, and before the new trial, * * * twenty-five dollars." We think the taxation of the $25 was erroneous. It is true that, in view of the authorities, it must be held that, when a trial has been duly commenced, and the court has allowed the withdrawal of a juror and the discontinuance of the trial, it is a trial, within the meaning of the Code, for the purpose of taxing a trial fee to the party finally successful. In the case at bar the juror was withdrawn at the instance of the plaintiff, who, upon succeeding at the second trial, procured the taxation of $25 costs, upon the theory that a new trial, pursuant to an order granting the same, had been had, within the meaning of the tenth paragraph of subdivision 3 of section 3251 of the Code of Civil Procedure, above quoted. It is only after the trial of an action that an order may be made granting a new trial, so as to entitle the successful party to tax the item of $25 costs here under consideration. The only order here made subsequent to the withdrawal of a juror was an order restoring the cause to the day calendar for trial at a subsequent term. Such an order cannot properly be characterized as an order for a new trial. There was no order granting a new trial, and for this reason the item of $25 costs after the granting of and before the new trial was improperly taxed. The order of the court below is reversed, with $10 costs and disbursements, and the motion to disallow the item of $25 for proceedings after the granting of and before the new trial is granted, with $10 costs.

Order reversed, with $10 costs and disbursements, and motion for a new trial granted, with $10 costs. All concur.

---

(40 Misc. Rep. 182.)

HAKONSON v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. March, 1903.)

1. COSTS—DISAGREEMENT—SECOND TRIAL.
      Where the jury disagreed on the first trial and found a verdict upon the second, only one item of costs after notice of trial can be taxed in the City Court of New York City.
2. SAME—MILEAGE OF SHERIFF.
      Where there is no evidence whatever on the taxation of costs to warrant a conclusion as to the mileage of a sheriff, the taxation of such mileage is erroneous.

Appeal from City Court of New York, Special Term.

Action by Augusta Hakonson against the Metropolitan Street Railway Company. Judgment for plaintiff. From an order denying a motion for retaxation of costs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

H. A. Robinson (F. A. Gaynor, of counsel), for appellant.

Leon Kronfeld and I. Henry Harris, for respondent.

GILDERSLEEVE, J. The action was tried twice. The first trial resulted in a disagreement of the jury, and the second one in a verdict for plaintiff. The clerk taxed two items for costs after notice of trial and $2.50 for prospective sheriff's fees, both under objection of the defendant, who applied to the Special Term of the City Court for a retaxation, disallowing one of the items for costs after notice of trial, and the sum of $2.50 for sheriff's prospective fees. The motion was denied. The defendant appeals.

The Appellate Term of this department has held, in the case of Gilroy v. Badger, 28 Misc. Rep. 143, 58 N. Y. Supp. 1106, that two items for costs, after notice of trial, may be allowed in favor of the party who is finally successful, where two trials were had, even though one of them, on the short-cause calendar, was an unfinished trial by reason of the trial having proceeded for an hour without being concluded, and the cause, under the rule, was sent back to the general calendar. The Appellate Division of the Second Department, in a more recent decision, in the case of Seifter v. Brooklyn Heights R. R. Co., 53 App. Div. 443, 65 N. Y. Supp. 1123, has held that only one such item can be taxed where the first trial resulted in a disagreement of the jury, as did the first trial in the case at bar. The court gave, as a special reason for the rule laid down, the fact that in Kings county the practice requires but one notice of trial, except in case of a new trial, and that there is no new trial where a jury disagrees. The same reasons may be urged in this department. See, also, the case of Hudson v. Erie R. R. Co., 57 App. Div. 99, 68 N. Y. Supp. 28, likewise a decision of the Appellate Division of the Second Department. We must follow the decision of the Appellate Division of the Second Department, and adopt the view that only one item for costs after notice of trial should have been allowed.

As to the other item to which defendant objected, the statute allowed the sheriff a fee of $1.75, and mileage at the rate of 10 cents per mile one way. There was no evidence whatever on the taxation of costs, nor is any offered on this appeal, to warrant a conclusion that the mileage would amount to 75 cents or to any other sum. It was, therefore, error to allow the extra 75 cents for sheriff's fees. The order must be reversed, with $10 costs and disbursements, and the bill of costs retaxed as above indicated.

Order reversed, with $10 costs and disbursements. All concur.