CARLOTTA HERRMANN, Respondent, *v.* GEORGE HERRMANN, Appellant.

*Matrimonial action — alimony granted and the expense of obtaining the stenographer's minutes of a trial denied — such expense is not a taxable disbursemen'.*

Where an issue, raised in an action for a separation, as to whether there had been any marriage between the parties was tried before a jury and resulted in a disagreement, the Appellate Division considered that a motion thereafter made by the alleged wife for additional alimony and counsel fee should be granted, but that the alleged husband should not be charged with the expense of furnishing the alleged wife with the stenographer's minutes of the previous trial; that if, however, the alleged husband obtained the minutes of the trial, he should be required to furnish a copy thereof to the alleged wife or permit her to make a copy, and, in either case, to allow her to use the original copy on the trial.

The cost of procuring the minutes of a trial which resulted in the disagreement of the jury is not taxable as a disbursement.

APPEAL by the defendant, George Herrmann, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Westchester on the 2d day of July, 1903, granting the plaintiff an additional counsel fee, and also from an order entered in said clerk's office on the 2d day of July, 1903, denying the defendant's motion to vacate an order theretofore entered in the action granting the plaintiff alimony and counsel fee.

*Francis B. Mullin,* for the appellant.

*Ira Leo Bamberger,* for the respondent.

JENKS, J.:

The action is for a separation, but the issue chiefly fought is that of the marriage. The order of May 7, 1902, awarded to plaintiff a counsel fee of $500, and $25 weekly alimony. Pursuant to the terms of that order, the plaintiff, in April, 1903, moved for additional alimony and counsel fee. Upon consent of the parties, the Special Term adjourned the motion (to be, however, of original force and effect) until after the rendition of the verdict upon issues framed touching the marriage. The issues were tried in May, 1903, for ten days, resulting in a disagreement of the jury, and the motion

was heard thereafter. The Special Term has awarded the plaintiff $750 as additional counsel fee for the purpose of further prosecuting the action, and such further sum as may be required to pay for the stenographer's minutes of the mistrial, if the defendant shall not furnish them.

We think that the defendant has not made out his plea of poverty, and we do not doubt that he could obtain the money required by the order without serious inconvenience. The issue is a base conspiracy or a base denial. Though the plaintiff has failed to establish marriage, the defendant has failed to lay bare a plot, and the litigation is to continue. And even if the truth is conspiracy, conspiracy is hatched upon a continued meretricious relation asserted by its victim, who, for the present, must pay the penalty of the necessary expenses of the plaintiff in this litigation. We cannot now form an opinion where the truth lies, and we do not desire to point a moral in this instance, save to indicate why this present burden must be borne by the defendant. In *McCarthy* v. *McCarthy* (137 N. Y. 500), the court, per GRAY, J., say: " Upon such an application if it should appear that in previously carrying on her action the plaintiff had incurred expense the payment of which was essential to be made in order that she might further maintain or prosecute her rights, under the judgment it would be quite within both the letter and the spirit of the statute* to comprehend in an allowance the unpaid item of the past. The language of this provision, however liberally we are inclined to construe it, must be given its due effect in authorizing the court to order an allowance only during the pendency of the action, and when it is *' necessary to enable the wife to carry on the action.'* "

We think that, under the circumstances, $750 is not excessive. We think that the defendant should not be charged with the expense of furnishing the stenographer's minutes to the plaintiff. The minutes would undoubtedly be useful, but in our opinion they cannot be termed necessary. Such item would not properly be taxable as a disbursement. (*Hudson* v. *Erie R. R. Co.*, 57 App. Div. 98.) The second order denying the motion to vacate the order should be affirmed.

---

* See Code Civ. Proc. § 1769.— [REP.

The order granting additional alimony and counsel fee should be modified so as to provide that if the defendant shall have obtained or does obtain the minutes of the previous trial, he shall furnish them to the plaintiff in order to permit her to make a copy thereof, or he shall furnish a copy thereof to the plaintiff; and, in either case, the plaintiff shall be permitted the use of the stenographer's original copy on the trial, and as so modified, affirmed, without costs. Order denying the motion to vacate the order for alimony and counsel fee affirmed, with ten dollars costs and disbursements.

Goodrich, P. J., Woodward, Hirschberg and Hooker, JJ., concurred.

Order granting additional alimony and counsel fee modified, and as modified affirmed, without costs; order denying motion to vacate order for alimony and counsel fee affirmed, with ten dollars costs and disbursements.