HERRMANN v. HERRMANN.

(Supreme Court, Appellate Division, Second Department. November 20, 1903.)

1. HUSBAND AND WIFE—ACTION FOR SEPARATION—ALLOWANCE OF COUNSEL FEE.
      In an action for separation, where trial of an issue as to whether there
      was a marriage resulted in a disagreement, allowance of counsel fees to
      plaintiff for purpose of further prosecution of the action is proper.

2. SAME—EXPENSE OF STENOGRAPHER'S MINUTES.
      Defendant to an action for separation should not be required to pay
      plaintiff the expense of the stenographer's minutes of a mistrial, they
      not being necessary.

Appeal from Special Term.

Action by Carlotta Herrmann against George Herrmann. From
two orders, one granting plaintiff additional counsel fee, and the other
denying defendant's motion to vacate an order granting plaintiff ali-
mony and counsel fee, defendant appeals. Modified

See 77 N. Y. Supp. 1129; 81 N. Y. Supp. 811.

Argued before GOODRICH, P. J., and WOODWARD,
HIRSCHBERG, JENKS, and HOOKER, JJ.

Francis B. Mullin, for appellant.
Ira Leo Bamberger, for respondent.

JENKS, J. The action is for a separation, but the issue chiefly
fought is that of the marriage. The order of May 7, 1902, awarded
to plaintiff a counsel fee of $500 and $25 weekly alimony. Pursuant
to the terms of that order, the plaintiff, in April, 1903, moved for addi-
tional alimony and counsel fee. Upon consent of the parties, the
Special Term adjourned the motion, to be, however, of original force
and effect until after the rendition of the verdict upon issues framed
touching the marriage. The issues were tried in May, 1903, for 10
days, resulting in a disagreement of the jury, and the motion was
heard thereafter. The Special Term has awarded the plaintiff $750
as additional counsel fee and for the purpose of further prosecuting
the action, and such further sum as may be required to pay for the
stenographer's minutes of the mistrial, if the defendant shall not fur-
nish them.

We think that the defendant has not made out his plea of poverty,
and we do not doubt that he could obtain the money required by the
order without serious inconvenience. The issue is a base conspiracy
or a base denial. Though the plaintiff has failed to establish marriage,
the defendant has failed to lay bare a plot, and the litigation is to con-
tinue. And even if the truth is conspiracy, conspiracy is hatched
upon a continued meretricious relation asserted by its victim, who,
for the present, must pay the penalty of the necessary expenses of the
plaintiff in this litigation. We cannot now form an opinion where the
truth lies, and we do not desire to point a moral in this instance, save
to indicate why this present burden must be borne by the defendant.
In McCarthy v. McCarthy, 137 N. Y. 500, 33 N. E. 550, the court,
per Gray, J., say:

"Upon such an application, if it should appear that in previously carrying
on her action the plaintiff had incurred expense the payment of which was

essential to be made in order that she might further maintain or prosecute her rights, under the judgment it would be quite within both the letter and the spirit of the statute to comprehend in an allowance the unpaid item of the past. The language of this provision, however liberally we are inclined to construe it, must be given its due effect in authorizing the court to order an allowance only during the pendency of the action, and when it is 'necessary to enable the wife to carry on the action.' "

We think that under the circumstances $750 is not excessive. We think that the defendant should not be charged with the expense of furnishing the stenographer's minutes to the plaintiff. The minutes would undoubtedly be useful, but, in our opinion, they cannot be termed necessary. Such item would not properly be taxable as a disbursement. Hudson v. Erie R. R. Co., 57 App. Div. 98, 68 N. Y. Supp. 28. The second order denying the motion to vacate the order should be affirmed.

Order granting additional alimony and counsel fee is modified so as to provide that, if the defendant shall have obtained or does obtain the minutes of the previous trial, he shall furnish them to the plaintiff, in order to permit her to make a copy thereof, or he shall furnish a copy thereof to the plaintiff; and in either case the plaintiff shall be permitted the use of the stenographer's original copy on the trial, and, as so modified, affirmed, without costs.

Order denying the motion to vacate the order for alimony and counsel fee affirmed, with $10 costs and disbursements. All concur.