CHISM et al. v. SMITH.

(Supreme Court, Special Term, Warren County. August 17, 1911.)

1. Costs (§ 218*)—Retaxation—Papers Considered on Motion.
   A motion for retaxation of costs being in the nature of a review of the action of the clerk, only such papers as were used before him, except those necessary to show his action, are proper for consideration.
   [Ed. Note.—For other cases, see Costs, Dec. Dig. § 218.*]

2. Costs (§ 157*)—Trial Fees—Mistrial.
   Where the case was called for trial, the testimony of one witness, subpœnaed by both parties, but examined primarily by defendant, was taken out of order, and plaintiffs then served an amended complaint, claiming the right under a prior judgment, whereupon defendant, as was his right, demanded 20 days to answer, resulting in the trial progressing no further at that term, defendant was entitled to a trial fee as for a mistrial through the fault of plaintiffs.
   [Ed. Note.—For other cases, see Costs, Dec. Dig. § 157.*]

3. Costs (§ 149*)—Proceedings After Notice of Trial and Before Trial.
   Though there be more than one trial, only one item of costs for "proceedings after notice of trial and before trial" is chargeable.
   [Ed. Note.—For other cases, see Costs, Cent. Dig. § 576; Dec. Dig. § 149.*]

4. Costs (§ 193*)—Disbursements—Express and Telegraph Charges.
   Charges for expressage on papers and for telegraphing, necessarily incurred in the action, are allowable as taxable disbursements, like charges for postage.
   [Ed. Note.—For other cases, see Costs, Cent. Dig. § 656; Dec. Dig. § 193.*]

5. Costs (§ 207*)—Taxation—Evidence of Disbursements.
   Testimony of plaintiff's counsel that for his half of the case he paid only a certain amount is insufficient to overcome the positive testimony of defendant's counsel that for printing case on appeal he expended a certain larger amount, so as to render erroneous the taxation of the larger amount as a disbursement.
   [Ed. Note.—For other cases, see Costs, Dec. Dig. § 207.*]

6. Costs (§ 254*)—Printing Disbursements—Blue Prints for Appeal Book.
   A necessary disbursement for blue prints for appeal book, which were exhibits in the proposed case and forming a part thereof, and referred

---

to in the printed body of the case as inserted within its pages, following which was the order of settlement, is taxable as a printing disbursement.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 254.*]

7. COSTS (§ 184*)—FEES OF WITNESSES NOT SWORN.

The failure to call witnesses who were not sworn, but who were in attendance under subpœna, was sufficiently explained, so as to authorize taxation of their fees, by the sworn statement of defendant's counsel that they were not sworn at the first trial because of a ruling then made holding oral declarations incompetent in the absence of papers, which counsel could not find, and that at subsequent trials the case was disposed of before defendant's side was reached.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 184.*]

8. COSTS (§ 57*)—MOTION TO RETAX.

The party moving for retaxation of costs having succeeded as to part only of the items attacked, neither party should be awarded costs of the motion.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 260; Dec. Dig. § 57.*]

Action by John D. Chism and another against Sheldon D. Smith. Plaintiffs move to retax costs. Granted in part.

See, also, 140 App. Div. 885, 124 N. Y. Supp. 1112.

Chambers & Finn, for the motion.

C. R. Patterson, opposed.

J. A. KELLOGG, J. Upon the retaxation of costs in this action before the clerk the plaintiffs appeared and objected to the taxation of certain items. The papers before the clerk consisted of an affidavit by the attorney for the defendant in support of the items taxed and an affidavit by one of the attorneys for the plaintiffs in opposition.

[1] This motion for retaxation now being in the nature of a review of the action of the clerk, only such papers as were used before that official are proper for consideration here, except such as may be necessary to show his action. Lyman v. Young Men's Cosmopolitan Club, 38 App. Div. 220, 56 N. Y. Supp. 712; Evans v. Silberman, 7 App. Div. 139, 40 N. Y. Supp. 298; Thomas v. International Silver Co., 84 N. Y. Supp. 612. Upon the taxation before the clerk the elision of certain items and the reduction of others were urged. Certain of these items were stricken out; others were retained in the bill. The plaintiffs now move before this court to have the bill further reduced as to certain items objected to by them on the retaxation, but allowed by the clerk. These items will be considered in the order in which they appear in the affidavit before the county clerk.

[2] (1) "Term fee, issue of fact, October term, 1910, $30." This was objected to by plaintiffs upon the ground that no trial of the case was had at said term.

The facts appeared to be that the case was called and the testimony of one witness, subpœnaed by both parties and examined primarily by the defendant, was taken out of order. At this point in the proceedings the plaintiffs served in open court upon the attorney for the defendant an amended complaint, claiming that they were permitted to do so by a judgment of the court which had been made previously, but had been reversed. Upon the service of the complaint the attor-

ney for the defendant demanded his right to 20 days to answer the same. This he had a right to do, and as a result the trial progressed no further at that term.

The question is as to whether this proceeding constituted a trial. So far as a mistrial was concerned, it would seem to be the fault of the plaintiffs, rather than of the defendant. When they served the amended complaint, the defendant clearly had his statutory time to answer, and he should not in any manner be penalized for asserting his right to the same. It was the action of the plaintiffs in serving an amended pleading at the time of the trial, assuming that they had a right to do so, as claimed by them, which was the cause of the mistrial.

I think the situation is substantially similar to those cases when one of the parties, having entered upon the trial of an issue, discovers his inability to proceed successfully and withdraws a juror. In these cases trial fees have been allowed: Browning v. Goldman, 35 Misc. Rep. 272, 71 N. Y. Supp. 822; Gilroy v. Badger, 28 Misc. Rep. 143, and cases cited on page 144, 58 N. Y. Supp. 1106. This item was, therefore, properly allowed by the clerk.

(2) "Term fee, for October term, 1910." This item was disallowed by the clerk upon retaxation, and is, therefore, not in controversy here.

[3] (3) "Proceedings after notice of trial and before trial, May term, 1911, $15." Another item for "proceedings after notice of trial and before trial" was taxed as the second item of the bill. The defendant also taxed "proceedings after granting and before new trial $25."

The weight of decision in regard to this item seems to be to the effect that only one such item is properly chargeable. Hudson v. Erie R. R. Co., 57 App. Div. 98, 68 N. Y. Supp. 28; Seifter v. Brooklyn Heights R. R. Co., 53 App. Div. 443, 65 N. Y. Supp. 1123; Hakonson v. Metropolitan Street R. Co., 40 Misc. Rep. 182, 81 N. Y. Supp. 662.

(4) The items, "Clerk, trial fee, adjourned trial term, Oct., '07, $1," and "Clerk entering judgment on appeal, $.50," were both stricken out by the clerk upon retaxation, as was also the item "Clerk, trial fee, trial term, October 10, $1."

[4] (5) The plaintiffs objected to the items, "To express charges on papers, $1," and "Paid telegraphing, $.50."

Upon the argument counsel for the plaintiff did not strenuously urge his contention as to these items, stating them to be too insignificant for controversy. For this reason, and also because it appears in the affidavit of defendant's attorney that the items were necessarily incurred in the action, I think these charges stand substantially upon the same footing as a charge for postage, and are properly allowable as taxable disbursements.

[5] (6) "Paid printing case on appeal, $63.38." The attorney for the plaintiff testifies that for his one-half of the case he only paid $54.92.

I hardly think this is sufficient to overthrow the positive testimony of the defendant's attorney that he expended for the printing of that document $63.38.

[6] (7) "Paid for blue prints for appeal book, $20.50." This item is objected to "for the reason that such items are not printing dis-

bursements, and are not such disbursements as are legally taxable by law or by the course and practice of this court."

These blue prints were exhibits printed in the proposed case and forming a part thereof. They were referred to in the printed body of the case as being inserted within the pages thereof, and the order of settlement followed the reference therefore in the printed case. I think this may properly be deemed a printing disbursement, and taxable as such. The statement in the affidavit of defendant's attorney to the effect that the disbursement was necessarily incurred is not controverted, and no objection was taken before the clerk upon the ground that it was an unnecessary expenditure.

(8) Plaintiffs object to the item "Affidavits, fifteen in number, $1.-87." There is no sufficient ground in regard to this item for doubting the sworn statement of defendant's attorney in regard thereto.

[7] (9) The plaintiffs object to the allowance of sworn witness fees. It is claimed that certain of these witness fees should not be allowed because the witnesses were not sworn upon the trial. There is authority to the effect that the fact that witnesses were not sworn on the trial is presumptive evidence that they were not necessary, and the fees paid to them are not taxable, without proof as to what was expected to be proved by them and why they were not called. Kohn v. Manhattan Railway Co., 8 Misc. Rep. 421, 28 N. Y. Supp. 663; Agriculture Insurance Co. v. Bean, 45 How. Prac. 444; Hayner v. Mosher, 15 How. Prac. 216.

The affidavit of the attorney for the defendant states that each of the witnesses charged for "actually attended upon the court at the several terms and sessions as therein stated, to the knowledge of deponent, pursuant to a subpœna duly served upon them, or upon the special request of deponent and defendant, as a witness for the defendant and not otherwise, to all of which deponent has personal knowledge"; further, "that each of the witnesses, on the trial in November, 1907, not called, were not sworn because of a ruling of the trial court holding that oral declarations were incompetent upon the question of dedication, except the witness Leonard, who was required also to produce a deed, the form of which was important evidence upon the question of dedication, and was offered in evidence upon the question of dedication, and was the only deed counsel was able to find. On the subsequent trials, the case was disposed of before defendant's side was reached." I think this sworn statement sufficiently explains the failure to call the witnesses who were not sworn upon the case, but whose fees are charged for as a disbursement in the bill of costs.

If the foregoing be correct, the bill of costs as retaxed by the clerk should be corrected by striking therefrom the item "Proceedings after notice of trial and before trial, May term, 1911, $15." The other items should be permitted to stand.

[8] Inasmuch as the moving party has succeeded as to part only of the items as to which taxation was sought, neither parties should be awarded costs. 3 Nichols, N. Y. Pr. 3038, 3039.

An order may be prepared and submitted accordingly.